GENERAL SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42895. Promulgated May 8, 1931.

*Raymond H. Berry, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

132

OPINION.

MATTHEWS: The deduction claimed by petitioner in its 1925 return in the amount of $39,292.77 as " net losses—1923 and 1924," which was disallowed by respondent, purports to consist of the sum of the allowable deductions, including dividends, in excess of gross income of petitioner for the years 1923 and 1924 in the respective amounts of $2,054.50 and $37,823.55. The sum of these amounts is $39,878.05. The difference is not explained, but in the view we take of the matter an explanation is not necessary.

In the notice of deficiency addressed to the petitioner, which is attached to the petition, the following statement appears:

Your contention relative to disallowance of net losses carried forward under the provisions of section 206 of the Revenue Act of 1926 may not be conceded. The agent's adjustment is clearly in accordance with section 206(a)(4) of the Revenue Act of 1926 which provides that the deduction provided for in paragraph (6) of subdivision (a) of section 234 of amounts received as dividends shall not be allowed.

The petitioner admits that the Commissioner's action is in accordance with the provisions of the section quoted, but alleges that paragraph (4) of subsection (a) of section 206 is unconstitutional in that it discriminates against the taxpayer and seeks to levy indirectly an arbitrary tax upon a portion of petitioner's income, which tax could not be levied directly.

We take petitioner's contention that " Section 206(a)(4) seeks to levy indirectly an arbitrary tax upon a portion of petitioner's income, which tax could not be levied directly," to mean that since Congress can not tax dividends directly, it can not indirectly tax them by refusing to allow them as a deduction in computing the

statutory net loss. Furthermore, refusal of allowance of dividends as a deduction in computing the statutory net loss does not result in the indirect taxation of such dividends.

Petitioner's premise is wrong. Not only can Congress tax dividend income directly, but it did subject dividends received by both individuals and corporatons to the income taxes imposed by the Revenue Acts of 1913 and 1916, and under the 1918 and subsequent acts, has subjected dividends to surtax when received by individuals. In all of the revenue acts, dividends are items of gross income.

Section 206 of the Revenue Act of 1926, in so far as pertinent to this case, provides as follows:

(a) As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, with the following exceptions and limitations:

\*     \*     \*     \*     \*     \*     \*

(4) The deduction provided for in paragraph (6) of subdivision (a) of section 234 of amounts received as dividends shall not be allowed;

\*     \*     \*     \*     \*     \*     \*

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The "net loss" authorized to be deducted under section 206(b) is the statutory "net loss" defined in section 206(a). As so defined, the "net loss" is an actual loss. Section 206 is a relief provision which was enacted for the purpose of permitting a taxpayer who has sustained a statutory net loss to carry forward such loss in computing net income for the succeeding year. See *Edgar L. Marston*, 18 B. T. A. 558.

We know of no constitutional provision which requires Congress to permit actual losses sustained in one year to be deducted in computing net income of any other year. Neither do we know of any provision which prohibits Congress from allowing such deduction. Congress, therefore, had the right, in exercising its discretion as to whether any loss sustained in one year should be allowed as a deduction in computing gross income of any other year, to prescribe the method of computing such loss. It has done this in section 206.

It is clear that no statutory net loss was sustained by the taxpayer in this case, because its entire gross income for the years 1923 and

1924 was derived from dividends received on stock of domestic corporations, which income, although nontaxable, was greatly in excess of the other allowable deductions. Since the petitioner did not sustain any statutory net loss in 1923 or 1924, as defined in section 206(a), it was not entitled to any deduction in 1925 under the provisions of section 206(b).

The petitioner has placed reliance on the decision of the Circuit Court of Appeals for the Sixth Circuit in the case of *Nauts* v. *Slayton*, 36 Fed. (2d) 145, holding to be unconstitutional that part of paragraph (2) of section 214(a) of the Revenue Act of 1921 which denies the deduction of interest on money borrowed to purchase and carry tax-exempt bonds. On February 24, 1931, this case was reversed by the Supreme Court of the United States in *Denman, Administrator* v. *Slayton*, 282 U. S. 514, it being held that interest paid by a dealer in securities on money borrowed to buy and carry municipal bonds is not deductible, the provisions of section 214(a)(2) of the statute not being arbitrary and making no improper exemption. The Supreme Court distinguished that case from the case of *National Life Insurance Co.* v. *United States*, 277 U. S. 508, which latter case has also been cited by the petitioner in this case. See also *Walter H. Lewis* v. *Commissioner*, 47 Fed. (2d) 32, decided by the United States Circuit Court of Appeals for the Third Circuit on February 16, 1931, which affirmed the decision of the Board reported at 11 B. T. A. 334, and which held that where taxpayers earn both taxable and exempt income, they may not deduct from gross taxable income the expenses incurred in earning exempt income.

Since this case falls squarely within the terms of the Act, the action of the Commissioner is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

LANSDON did not participate in the consideration of or decision in this report.

VAN FOSSAN, concurring in the result only: While I concur in the result of the foregoing opinion, I must record my dissent from the action of the Board in considering and ruling on a question of constitutionality. Entertaining, as I do, the view that the Board, an independent agency in the executive branch of the Government, should assume all acts of Congress to be constitutional until the courts have spoken, I do not believe it within our sphere of authority to consider a question of constitutionality, regardless of the outcome of such consideration.