HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* INDEPENDENT LIFE INSURANCE CO.

No. 689. Argued April 4, 1934.—Decided May 21, 1934.

*Solicitor General Biggs,* with whom *Assistant Attorney General Wideman* and *Messrs. Sewall Key, J. Louis Monarch,* and *H. Brian Holland* were on the brief, for petitioner.

374

*Mr. Wm. Marshall Bullitt,* with whom *Mr. James A. Newman* was on the brief, for respondent.

376

MR. JUSTICE BUTLER delivered the opinion of the Court.

This case involves the validity of deficiency assessments of income taxes made by the Commissioner against the life insurance company for 1923 and 1924. The 1921 Revenue Act (42 Stat. 261), § 244 (a) defines gross in-

come of such companies as that received from interest, dividends and rents. Premiums and capital gains are excluded. Section 245 (a) directs that net income be ascertained by making specified deductions from gross income. These include four per cent. of the company's reserve, "(6) Taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company . . ." and "(7) A reasonable allowance for the exhaustion, wear and tear of property, including a reasonable allowance for obsolescence." But it is provided, § 245 (b), that no deduction shall be made under paragraphs (6) and (7) " on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied." Provisions similarly worded and having the same meaning are contained in the Revenue Act of 1924, §§ 244, 245, 43 Stat. 289.

During 1923 and 1924 respondent owned a building of which it occupied part and rented part. Its tax return for each year included in gross income the rents received for the space let and deducted the taxes, expenses and depreciation chargeable to the whole building. The result for 1923 was a net of $3,615.30 whereas four per cent. of book value amounted to $18,400. The result for 1924 was minus $14,629.76, four per cent. of the then book value being $19,770.32. The Commissioner, following § 245 (b) added to the rents received from lessees in each year a sum sufficient to make the net equal to the required four per cent. On that basis the amount of the deficiency for

1923 was $298.97, and for 1924, $1,115.65.[1] The board of Tax Appeals held them direct taxes and therefore invalid. 17 B.T.A. 757. The Circuit Court of Appeals affirmed, one of the judges dissenting. 67 F. (2d) 470. Its decision conflicts with *Commissioner* v. *Lafayette Life Ins. Co.* (C.C.A.–7), 67 F. (2d) 209, and *Commissioner* v. *Rockford Life Ins. Co.* (C.C.A.–7), 67 F. (2d) 213.

The question for decision is whether the statutory provisions relied on violate the rule that no direct tax shall be laid unless in proportion to the census. Constitution, Art. I, § 9, cl. 4. In support of the decision below, respondent maintains that the "rental value" of the space occupied by it was included in net income and taxed and that the exaction is a direct tax on the land itself and void for lack of apportionment.

If the statute lays taxes on the part of the building occupied by the owner or upon the rental value of that space, it cannot be sustained, for that would be to lay a direct tax requiring apportionment. *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U.S. 429, 580, 581; 158 U.S. 601, 635, 637, 659. *Brushaber* v. *Union Pac. R. Co.*, 240 U.S. 1, 16, 17. *Eisner* v. *Macomber*, 252 U.S. 189, 205. *Daw-*

---

[1] In 1923, rents were $73,620.48. Taxes, expenses and depreciation were $70,005.18. Book value was stipulated to be $460,000. The commissioner called the difference between $18,400 (4% of $460,000) and $3,615.30 ($73,620.48—$70,005.18) or $14,784.70 the "value of space owned and occupied by company." That, added to rents received, amounted to $88,405.18. He then subtracted from gross income so increased the sum of permissible deductions, including the $70,005.18.

In 1924, rents were $71,289.21. Taxes, expenses and depreciation were $85,918.97. Book value was $494,257.97. The commissioner added $19,770.32 (4% of $494,257.97) and $14,629.76 ($71,289.21—$85,918.97) and called the sum, $34,400.08, the "value of space owned and occupied by company." That, added to rents received, amounted to $105,689.29; and from gross income so increased were subtracted the deductions, including the $85,918.97.

*son* v. *Kentucky Distilleries Co.,* 255 U.S. 288, 294. *Bromley* v. *McCaughn,* 280 U.S. 124, 136. *Willcuts* v. *Bunn,* 282 U.S. 216, 227. The rental value of the building used by the owner does not constitute income within the meaning of the Sixteenth Amendment. *Eisner* v. *Macomber, supra,* 207. *Stratton's Independence* v. *Howbert,* 231 U.S. 399, 415, 417. *Doyle* v. *Mitchell Bros. Co.,* 247 U.S. 179, 185. *Bowers* v. *Kerbaugh-Empire Co.,* 271 U.S. 170, 174. *Taft* v. *Bowers,* 278 U.S. 470, 481, 482. *MacLaughlin* v. *Alliance Ins. Co.,* 286 U.S. 244, 249, 250. Cf. *Burk-Waggoner Assn.* v. *Hopkins,* 269 U.S. 110, 114.

Earlier Acts taxed life insurance companies' incomes substantially the same as those of other corporations. Because of the character of the business, that method proved unsatisfactory to the Government and to the companies. The provisions under consideration were enacted upon the recommendation of representatives of the latter. As rents received for buildings were required to be included in gross and expenses chargeable to them were allowed to be deducted, it is to be inferred that Congress found—as concededly the fact was—that the annual net yields from investments in such buildings ordinarily amounted to at least four per cent. of book value. Where an insurance company owns and occupies the whole of a building, it receives no rents therefor and is not allowed to deduct the expenses chargeable to the building. Where part is used by the company and part let, the rents are required to be included in the gross, but expenses may not be deducted unless, if it be necessary, there is added to the rents received an amount to make the total sufficient, after deduction of expenses, to leave four per cent. of book value. All calculations contemplated by § 245 (b) are made subject to that limitation. Congress intended that the rule should apply only where rents exceed such four per cent. Where they are less than that, addition of the

prescribed rental value and deduction of expenses operate to increase taxable income.[2] The classification is not without foundation.

The company is not required to include in gross any amount to cover rental value of space used by it, but in order that, subject to the specified limitation, it may have the advantage of deducting a part of the expenses chargeable to the building, it is permitted to make calculations by means of such an addition. The statute does not prescribe any basis for the apportionment of expenses between space used by the company and that for which it receives rents. The calculation indicated operates as such an apportionment where the rents received are more than four per cent. of book value, but less than that amount plus expenses.[3] In such cases the addition, called rental value of space occupied by the company, is employed to permit a deduction on account of expenses. That, as is clearly shown in the dissenting opinion, 67 F. (2d) 473, is the arithmetical equivalent

---

[2] Take for example: book value of building, $1,000,000; 4% of book value, $40,000; rents received, $30,000; expenses, $60,000. If the calculation prescribed by § 245 (b) is not made, taxable income is $30,000.

The calculation prescribed by § 245 (b) follows: rents, $30,000, plus " rental value," $70,000 (expenses, $60,000, minus rents, $30,000, plus the 4%—$40,000) amounts to $100,000, less expenses, $60,000, leaves taxable income, $40,000. Cf. Art. 686, Treasury Regulations 62 and 65.

[3] Take for example: book value of building, $1,000,000; 4% of book value, $40,000; rents received, $50,000; expenses, $60,000.

On that basis the calculation is: rents, $50,000 plus " rental value," $50,000 (expenses, $60,000 minus rents $50,000 plus 4%, $40,000) amounts to $100,000 less expenses $60,000 leaves taxable income $40,000. Deduction of expenses operates to reduce taxable income by $10,000.

Assume rents received were $100,000. No rental value need be added. Deducting expenses, $60,000, leaves taxable income $40,000.

of lessening the deduction by the amount of the so-called rental value.

Respondent cites *National Life Ins. Co.* v. *United States,* 277 U.S. 508, but the distinction between that case and this one is fundamental and obvious. There the effect of the statutory deduction was to impose a direct tax on the income of exempt securities, amounting to taxation of the securities themselves. We held that the tax imposed, so far as it affected state and municipal bonds, was unconstitutional and that, in so far as it affected United States bonds, it was contrary to the statute. In *Denman* v. *Slayton,* 282 U.S. 514, we held the taxpayer not entitled to deduct the interest on debts incurred to purchase securities the interest on which was exempt. The opinion points out the distinction between that exclusion from deductions and the taxation of exempt securities condemned in *National Life Ins. Co.* v. *United States.* As shown above, the prescribed calculation, § 245 (b), is in substance a diminution or apportionment of expenses to be deducted from gross income under the circumstances specified. See *Anderson* v. *Forty-Two Broadway Co.,* 239 U.S. 69.

Unquestionably Congress has power to condition, limit or deny deductions from gross income in order to arrive at the net that it chooses to tax. *Burnet* v. *Thompson Oil & Gas Co.,* 283 U.S. 301, 304. *Stanton* v. *Baltic Mining Co.,* 240 U.S. 103. *Brushaber* v. *Union Pac. R. Co., supra,* 23–24. It is clear that the provisions under consideration do not lay a tax upon respondent's building or the rental value of the space occupied by it or upon any part of either.

*Reversed.*

MR. JUSTICE MCREYNOLDS is of opinion the judgment should be affirmed.