PEOPLES LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 66969, 71744.   Promulgated November 23, 1934.

*H. C. Kilpatrick, Esq.*, for the petitioner.
*James Yeatman, Esq.*, for the respondent.

### SUPPLEMENTAL OPINION.

MURDOCK: The Board, on August 31, 1934, promulgated a memorandum opinion in these proceedings in which, *inter alia*, it cited the decision of the Supreme Court of the United States in *Commissioner v. Independent Life Insurance Co.*, 292 U. S. 371, as authority for the statement that the petitioner " is not entitled to any deductions for taxes, expenses, or depreciation on its home office building ", and ordered that decision be entered under Rule 50.  The parties have submitted proposed recomputations under Rule 50 which differ only in this respect—that the respondent would compute taxable net income without including any value of rental space in income and without allowing any deductions for real estate taxes, expenses, and depreciation on the petitioner's home office building, whereas the petitioner would include in gross income the equivalent of the rental value of the space occupied by it in the building and would also take deductions for taxes, expenses, and depreciation on this building. Counsel argued orally and each submitted a memorandum to support his position.

The Board, in its opinion in the case of *Independent Life Insurance Co. of America*, promulgated on October 4, 1929, and reported in 17 B. T. A. 757, held unconstitutional the provision of section 245 (b) of the Revenue Act of 1921 and the same provision in section 245 (b) of the Revenue Act of 1924, requiring the inclusion in taxable income of a life insurance company of the rental value of space which it occupied in its own building.  It further held that the taxpayer was entitled to the full deduction for taxes, expenses, and

depreciation relating to its building. Section 203 (b) of the Revenue Act of 1928 is like section 245 (b) of the acts above mentioned.

The petitioner, a life insurance company, was the owner and one of the occupants of an office building during the years 1929 and 1930. The rental value of the space occupied, the amount of taxes, expenses, and depreciation have been stipulated. The petitioner filed returns for the years 1929 and 1930 in which it claimed deductions for real estate taxes, expenses, and depreciation, in connection with its building, without including in gross income the rental value of the space which it occupied. Each of these returns was filed after the Board had promulgated its opinion in the *Independent Life Insurance Co.* case. The Commissioner, in determining the deficiencies for the years in question, allowed the deductions without adjustment for 1929, and for 1930 allowed the deductions but added the rental value of the space occupied by the petitioner to its reported gross income. However, he filed amended answers in these proceedings in April 1934, claiming increased deficiencies on the ground that he had erred in allowing the deductions and alleging, as an alternative, that if the deductions were to be allowed, the rental value of the space should be included in income. The Supreme Court, on May 21, 1934, reversed the Sixth Circuit Court of Appeals, which had affirmed the decision of the Board in the *Independent Life Insurance Co.* case.

The Board, in its memorandum opinion in the present case, merely intended to follow the decision of the Supreme Court in the *Independent Life Insurance Co.* case. In certain other cases cited by the Commissioner in his memorandum, the Board said in effect that the taxpayer could not have the deductions claimed for taxes, expenses, and depreciation on its home office building because it had failed to include in gross income the rental value of the space occupied by it. The language used by the Board in following the *Independent Life Insurance Co.* case was unfortunate. However, the attention of the Board was never brought to the question now presented and it did not intend to decide that question in any of the cases referred to. The Independent Life Insurance Co. had not included in its gross income the rental value of the space occupied by it in its home office building, but it claimed deductions for taxes, expenses, and depreciation on that building. The Commissioner did not disallow the deductions, but added to income an amount representing the value of the space occupied by the taxpayer. The Supreme Court held, in effect, that the action of the Commissioner was proper. It did not even intimate that the deductions were to be disallowed because the rental value had not been included in the gross income reported by the taxpayer on its return.

The respondent argues that the question which has arisen under Rule 50 is not properly before the Board because the petitioner did not raise it as an alternative contention. But this argument has nothing whatever to recommend it when the deficiency notices and the respondent's amended pleadings, above referred to, are taken into consideration. The respondent also argues that the petitioner has made an election which now prevents it from getting the deductions which it claims. The argument seems to be that at the time the petitioner filed its return two courses were open to it, from which it was required to elect one. It could either report the rental value of its space occupied and claim the deductions, or report no rental value and claim no deductions. Inferentially, at least, the Supreme Court seems to have held in the *Independent Life Insurance Co.* case that no election is involved. However, it is not necessary to decide whether the statute gave taxpayers an election which would be binding upon them thereafter. The taxpayer now before the Board, like the Independent Life Insurance Co., claimed the deductions on its returns. These returns were filed after the Board had held that the rental space did not have to be included in gross income. Obviously, it has never elected to waive the deductions.

The Commissioner has not advanced any sound argument in support of his recomputation. The Supreme Court in the *Independent Life Insurance Co.* case, in order to hold that the rental value of the space occupied was not included in income and taxed, said, *inter alia:*

The company is not required to include in gross any amount to cover rental value of space used by it, but in order that, subject to the specified limitation, it may have the advantage of deducting a part of the expenses chargeable to the building, it is permitted to make calculations by means of such an addition. The statute does not prescribe any basis for the apportionment of expenses between space used by the company and that for which it receives rents. The calculation indicated operates as such an apportionment where the rents received are more than four per cent of book value, but less than that amount plus expenses. That, as is clearly shown in the dissenting opinion, supra, p. 473, is the arithmetical equivalent of lessening the deduction by the amount of the so-called rental value. * * *

* * * As shown above, the prescribed calculation, section 245(b), is in substance a diminution or apportionment of expenses to be deducted from gross income under the circumstances specified.

The opinion seems to indicate that section 245 (b) merely prescribes a method of computing a net deduction. The petitioner in the present case is entitled to such a net deduction, that is, it is entitled to the deductions claimed for real estate taxes, expenses, and depreciation on its home office building, but, in order to compute the net benefit which it is entitled to, the rental value of the space occupied by it must be included in its gross income. This is in accordance with the recomputation submitted by it.