McGINLEY CORPORATION v. COMMIS-
SIONER OF INTERNAL REVENUE.

No. 7717.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1936.

Lawrence Tarlton, of Fort Worth, Tex., for petitioner.

J. P. Jackson, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Lucius A. Buck, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is a tax review proceeding. By it the petitioner seeks to avoid a deficiency of $18,023.35 for the year 1927, determined by the Commissioner, and redetermined against it by the Board of Tax Appeals. These claimed deductions are: (1) $28,872.77 as a loss on stocks claimed to have been bought on margin in June and sold in December, of 1927; (2) a loss in that year on the sale to William McGinley, its president, of stock in the McGinley Land Company, a McGinley family corporation owned, as petitioner was, by the McGinley family.

As to the first claim, the Board found that petitioner failed to prove that it made the sale it relied on to establish a loss. It found that at best for petitioner the proof showed that he intended to, not that he did, make the sale. It said: "Petitioner is

bound by what it did, and not by what it intended to do. Upon the testimony in the record we do not feel justified in setting aside the Commissioner's determination. The burden is upon the petitioner to overcome the correctness of the determination and it failed to meet this burden."

On the second claim it found against the deduction on the ground that "the petitioner has wholly failed to show the cost to it of the stock as to which the loss is claimed, and the Commissioner's determination must stand."

By its assignments and in its original brief petitioner complains of the Board's findings as without support in the record, and seeks their reversal. In a supplemental brief filed shortly before the submission here, petitioner advances the claim that the Board has failed to make essential specific findings, that the record on review is insufficient for a final determination, and urges a remand for further proceedings before it.

We cannot agree with petitioner that there should be either a remand for further proceedings, or a reversal for error. We think there is neither insufficiency nor error in the findings. We agree with the Board that the petitioner did not make out its case as to either of the deductions claimed.

■ The allowance of deductions is a matter of legislative grace. A taxpayer claiming a particular deduction must therefore not only be able to point to a law generally authorizing such deductions, but to present facts clearly bringing his claim within it. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311; Helvering v. Taylor, 293 U.S. 507, 55 S. Ct. 287, 79 L.Ed. 623.

The Board correctly found that petitioner failed to do this. It not only failed to overcome the presumption of correctness attaching to the Commissioner's determination, Helvering v. Taylor, supra; Wickwire v. Reinecke, 275 U.S. 101, 48 S. Ct. 43, 72 L.Ed. 184, but looked at independently and apart from this consideration, the evidence it offered did not sustain its deduction claims.

■ As to the margin stock sale, petitioner's sole reliance is on the testimony of McGinley, its president, that stock margin transactions in Pan American B stock were not in fact as they appeared to be. As they appeared to be in June, 1927, McGinley, not the corporation, purchased 2,000 shares on margin through Chicago brokers, and they were carried as his on margin account there. On December 30, McGinley, in the name of and for the corporation, gave to these brokers an order to sell for it 2,000 shares. This order was executed by selling 2,000 shares short. On January 3, 1928, McGinley, for the corporation, in order, as he testified, to balance the record up there to show that the McGinley Corporation was not short of any stock, bought 2000 shares. Thus by applying the January purchase to the December sale, these transactions liquidated each other. On July 10, 1928, 1000, and on September 1, 1928, 1,000 shares of Pan American were sold in McGinley's name, at a loss.

To prove that these transactions were not in fact as they appeared to be, McGinley testified that the June purchase, while made in his name, was really the purchase of the company; that the selling order he gave in December was intended by him to apply to the June purchase of 2,000 shares in his name; that he had lost sight of the fact that that purchase was carried in his name; that when advised by his brokers that the order had been executed as a short sale, petitioner, by the purchase order of January, bought the shares back to balance the record.

As to the sales made in July and September, 1928, at one place in the record he testified that these were sales of the stock purchased in June, 1927; at another place, that they were of the January stock purchased in 1928.

This testimony does not even tend to prove what petitioner had to prove in order that the stock margin claim might be deducted as a loss, that in December it sold at a loss the stock it had bought in June. Overlooking the marked inconsistencies in McGinley's testimony about these transactions, the interested position in which he stood in giving it, and giving full effect and credence to it, all that it amounts to is that he intended to sell for the company the shares he bought for it in his name in June. That he did not carry out this intent for the company, the record makes perfectly clear, for it establishes beyond question that instead of selling the June purchased stock, the petitioner made a short sale in December, and in January bought its contract back.

58

■ As to the McGinley Land Company stock, and the claimed loss on account of it, the record will be searched in vain for one syllable of testimony showing or tending to show its cost to petitioner, or indeed that it cost petitioner anything. The proof, which consisted entirely of McGinley's testimony, nowhere contained any statement from which it could be determined that petitioner suffered any loss. There is his testimony that petitioner advanced considerable money to the Land Company, and that, since the stockholders in the corporation were principally his wife and children, his wife's money went into it personally and he wanted to keep it solvent, he arranged to take the stock back with the agreement that "we would reimburse the McGinley Corporation completely for all moneys advanced." It is impossible to spell out of this testimony, giving it full credence, that petitioner suffered any loss.

The petition for review is denied.