HOWARD J. HAMERSHLAG, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83970. Promulgated June 22, 1937.

*Harry Silverman, Esq.*, and *Henry Brach, C. P. A.*, for the petitioner.

*Dean P. Kimball, Esq.*, for the respondent.

OPINION.

ARUNDELL: The deficiency in income tax of $793.71 for the year 1932 results principally from the respondent's disallowance of a claimed loss on noncapital assets and his disallowance of a deduction for commissions on the purchase and sale of securities. The facts were stipulated and we adopt the stipulation as our findings of fact. A summary is set forth in the following paragraph.

In the year 1932 both the petitioner and the brokerage firm of Hamershlag, Borg & Co., in which the petitioner is a partner, bought and sold securities which they had held for less than two years. Neither the petitioner nor the firm was a dealer in securities; the petitioner was a trader in securities. The petitioner's distributive share of the partnership profits on the sale of noncapital assets amounted to $1,381.75; his losses, exclusive of commissions, on his individual sales of noncapital assets were $2,966.06. In the taxable year the petitioner paid brokerage commissions of $3,253.53 on purchases and $3,376.50 on sales of his individual securities. In petitioner's individual income tax return for 1932 he deducted from his distributive share of partnership income the amount of $1,381.75, that being a part of the loss sustained on his individual sales of securities as a trader. He also claimed, as an expense deduction, the commissions paid on the purchase and sale of his individual securities. (The total of commissions paid was $6,630.03; he claimed as a deduction $6,630.) The deductions so claimed were disallowed by the respondent.

The petitioner's several arguments to sustain the claimed deductions for his loss on the sale of securities and the commissions paid on the purchase and sale of securities were fully considered and discussed in the recent case of *Robert C. Winmill*, 35 B. T. A. 804, in which we decided against the taxpayer on the same issues as are raised here. No useful purpose would be served in again discussing the argument on both sides, save in one particular which it now appears was not presented in the *Winmill* case. In the *Winmill* opinion reference was made to the provisions of section 23 (r) (2) of the Revenue Act of 1932, which, in brief, allows a carry-over of losses disallowed under section 23 (r) (1) and permits their deduction in the succeeding taxable year to the extent of income from sales of noncapital assets. Our attention has since been called to the fact that section 23 (r) (2) was repealed, effective as of January 1, 1933, by section 218 (b) of the National Industrial Recovery Act (48 Stat. 209). The repeal of section 23 (r) (2) does not affect the result reached in view of the broad powers of Congress in respect of allowing or denying deductions. *Helvering* v. *Independent Life Insurance Co.*, 292 U. S. 371; *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Accordingly, on authority of the *Winmill* case, *supra*, we sustain the respondent in this case.

*Decision will be entered for the respondent.*