### AMERICAN NAT. INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 8105.

Circuit Court of Appeals, Fifth Circuit.
July 16, 1937.

Jas. W. Wayman, of Galveston, Tex., for petitioner.

Jno. W. Townsend, of Washington, D. C., on behalf of petitioner and as amicus curiæ.

Edward F. H. Horton, Sewall Key and Helen Carloss, Sp. Assts. to Atty. Gen., James W. Morris and Robert H. Jackson, Asst. Attys. Gen., and Herman Oliphant, Gen. Counsel, Dept. of Treasury, and Lloyd W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Petitioner is a life insurance company, incorporated under the laws of Texas. It owns a building in Galveston, part of which it occupies for the purpose of its business and the other part is rented to tenants. In making returns for income taxes for the years 1923, 1924, 1925, 1926, 1928, 1929, and 1930, it sought to take deductions for taxes and other expenses and depreciation on this building. The Commissioner ruled ad-versely on these claims and determined deficiencies. As to some years the taxes were paid. Petitioner sought relief from the Board of Tax Appeals. Five petitions were filed and consolidated for hearing. The Board affirmed the Commissioner, render-ing a memorandum opinion, which follows the Board's ruling in Jefferson Standard Life Ins. Co. v. Commissioner, 33 B. T. A. 404, and cites as authority Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311. The facts are stipulated and the amounts of the deficien-cies or overpayments, whichever may be determined, are agreed to.

The case arises under the provisions of section 243, 244, and 245 of the Revenue Act of 1921 (42 Stat. 227, 261, 262), and similar provisions of the Revenue Acts of 1924 (42 Stat. 253, 289, 290), 1926 (44 Stat. 9, 47, 48), and 1928 (sections 201 (b), 202, 203 [26 U.S.C.A. §§ 201 (b) and note, 202 and note, 203 and note]). It is unnecessary to quote the sections in full. Subdivision (a) (6) of section 245, with exceptions not .material here, allows deductions for taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company. Sub-division (a) (7) of the same section allows a reasonable allowance for exhaustion, wear and tear of such property including a rea-sonable allowance for obsolescence. Sub-division (b) of section 245 is particularly applicable to the case. It provides as fol-lows: "(b) No deduction shall be made under paragraphs (6) and (7) of subdi-sion (a) on account of any real estate own-ed and occupied in whole or in part by a life insurance company unless there is in-cluded in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied."

The rulings of the Treasury Department and of the Board in similar cases have not been harmonious, but it would serve no good purpose to review them.

In determining the deficiencies the Com-missioner followed Treasury Regulations 62, promulgated under the Revenue Act of 1921, Article 686, and similar provisions of Treasury Regulations 65, 69, and 74, pro-

mulgated under later acts, which require that where deductions are claimed under the provisions of the above cited sections, in all cases the rental value of the part of the building occupied by the company must be added to gross income, regardless of the amount realized as rent from tenants.

■ The provisions of the statute are not as clear as they might be and the regulations attempt to remove the ambiguity but while Treasury Regulations are authoritative as administrative interpretations, they cannot amend or change the law, which is to be found in the Constitution as well as the statute.

■ The case is ruled by the decision in Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311, which, we think, the Board erroneously interpreted. We consider the decision clearly holds as follows: (1) The rental value of a part of a building, owned by a life insurance company, occupied for the purposes of the business, is not income and not taxable as such, as the tax would be a direct tax and void as in conflict with article 1, section 9, clause 4 of the Constitution. (2) Where the building is partly occupied and partly rented, the rent received is gross income and taxable, but under the provisions of the statute is subject to deductions. (3) Congress in granting deductions from gross income may impose terms. Consequently, if the rent received for the portion of the building occupied by tenants, less deductions claimed, does not equal 4 per cent. of the book value of the building for the taxable year, in order to have the benefit of deductions for taxes, expenses, and depreciation, the life insurance company must add to gross income, as the rental value of the part occupied by it, sufficient to make up the deficiency. This in effect is a diminution of the amount allowed to be deducted from gross income. (4) Where the rent received from tenants is sufficient, after deductions, to equal 4 per cent. of the book value of the building, the life insurance company is not required to add the whole or any part of the rental value of the portion of the building occupied by it.

To illustrate the rule we may refer to the facts found by the Board as to the year 1923. The book value of the building was $795,017.61. Four per cent. of this value was $31,800.70. The rents received from tenants amounted to $110,090.15. The taxes, expenses, and depreciation claimed as deductions amounted to $60,636.71. Deducting this from the rent paid by tenants leaves a balance of $49,453.44, or $17,652.74 more than 4 per cent. of the book value of the building. The actual rental value of the space occupied by petitioner was $24,240. The Commissioner added this amount to gross income in determining the deficiency. This was wrong. In this year petitioner was not required to add anything to gross income for the rental value of the space in the building occupied by it.

The record is hardly sufficient to enable us to state the figures as to other years with accuracy.

The petition is allowed, the judgment of the Board is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.