*193 OPINION.
SteRnuaoen :
In disallowing the deduction taken by the petitioner in 1933 of $53,515.75, the Commissioner stated in the notice of deficiency: “Bad debts claimed in the amount of $53,515.75 have been disallowed as a deduction for the year 1933 for the reason that they were determined to have been worthless in 1932 and in accordance with section 23 (j) of the Revenue Act of 1932 should have been charged off within the taxable year 1932.” The petitioner assails this determination.
The evidence does not, we think, establish that this determination was incorrect, but, on the contrary, supports it. Both the bank examiner and the executive committee of the petitioner were clearly of the opinion in 1932 that the debts aggregating $103,938.30 should be charged off. Instead, however, the charge-off at that time was limited to $50,422.55. Why it was thus limited does not clearly appear, although the suggestion is made — and not unreasonably — that this was the extent to which a tax deduction would be useful in 1932. When the later charge-off was made on January 20, 1933, nothing more had happened to demonstrate worthlessness beyond what was known at the end of 1932. As against this considered and expressed judgment of the executive committee recorded in 1932 and approved fully at the board meeting of January 9, 1933, the testimony of the assistant treasurer as to his appraisal of the worth of the individual items making up the $53,515.75 is not persuasive.
It has, therefore, been found as a fact, upon a consideration of all the evidence, that the debts aggregating $53,515.75 which were charged off on January 20, 1933, had in 1932 been ascertained by the petitioner to be worthless. They reasonably should have been charged off in that year as were those aggregating $50,422.55. The Commissioner allowed the deduction of the latter amount and it may be assumed that he would not have disallowed the deduction of the entire amount which the Commissioner of Banks directed (see T. D. 4633, XV-1 C. B. 118) and which the executive committee voted. The circumstance that such a deduction in the full amount might have availed the taxpayer nothing of tax advantage is adventitious and may not influence the decision. The determination as to this item is sustained.
*194 The petitioner now claims a deduction, not taken on its return, for losses aggregating $87,690.32, said to have resulted from the foreclosure of the mortgages as set forth in the findings. The statutory deductions allowed for bad debts and those allowed for losses are mutually exclusive, Spring City Foundry Co. v. Commissioner, 292 U. S. 182. Petitioner, however, in its petition, at the trial, and in its brief, has made no claim for deduction under the bad debt provision; and this, despite the fact that the respondent has argued that the deduction must be tested entirely by the standards of the bad debt provision. Since deductions are entirely statutory and their allowance may not go beyond the statutory conditions upon which they are made to depend, Burnet v. Thompson Oil & Gas Co., 283 U. S. 301; Helvering v. Independent Life Insurance Co., 292 U. S. 371, it is important that a taxpayer bring himself within the correct statutory category.
Assuming arguendo that the petitioner after the foreclosure was really worse off than before, and that the measure of its worsening is the difference between the amount of its loans plus foreclosure expenses and the actual value of the properties now held, it seems clear that the worsening is not in the acquisition of the foreclosed property, but in the worthlessness of the mortgage loan. No matter what the value or the bid price or the total cost of the real estate acquired on foreclosure, its acquisition could not be a loss. Hadley Falls Trust Co. v. United States, 22 Fed. Supp. 346. Quite the contrary, its only effect could be to salvage something from a worthless loan.
The bad debt provision of the statute requires not only that the asset consisting of the credit side of the loan be ascertained by the taxpayer within the taxable year to be worthless, but also that it be charged off within the taxable year. This is where the petitioner has failed. It has continued to carry on its books the full amount of the outstanding loans, the only change being that the amounts have been transferred from an asset account called loans on real estate to an asset account called foreclosed real estate. This is not a charge-off within the meaning of the statute.
It must, therefore, be held that the petitioner upon its return correctly omitted any deduction in respect of the several mortgage loans shown by the findings. It may not, however, be amiss to add that, even if the deduction were to be considered under the loss provision of the statute, there would be doubt whether the petitioner’s evidence is adequate to establish that notwithstanding its own accounting it had sustained a loss.

Decision will he entered under Rule 50.