690

## KNOWLES v. HIRSCH et al.

### Civil Action No. 31308.

District Court of the United States for the District of Columbia.

May 3, 1946.

George Eric Rosden, of Washington, D. C., for plaintiff.

John F. Sonnett, Asst. Atty. Gen., and Edward M. Curran, U. S. Atty., of Washington, D. C., (Harry I. Rand, Walker Lowry, and A. Morris Kobrick, all of Washington, D. C., of counsel), for defendants.

Before WILBUR K. MILLER and PRETTYMAN, Associate Justices, United States Court of Appeals, District of Columbia, and LETTS, Associate Justice, District Court of the United States for the District of Columbia, sitting as a statutory three-judge court.

PER CURIAM.

Pursuant to the provisions of the Renegotiation Act,[1] proper authorities of the War Department unilaterally determined that the plaintiff, Coyle E. Knowles, had derived from contracts with the departments, and subcontracts, in the year 1943 excessive profits in the sum of $109,143.03. The War Contracts Price Adjustment Board reviewed the determination and decided that the amount of excessive profits found should be eliminated. Thereafter the plaintiff petitioned the Tax Court of the United States for a redetermination as provided by the Act. He then sued in this court seeking to have the Renegotiation Act declared to be unconstitutional, and to restrain the issuance of withholding orders to his debtors; praying that the Act, even if it be constitutional, be held not to apply to his business because he is a subcontractor not in privity of contract with the United States; and asking that it be held that he derived no excessive profits from his 1943 operations.

---

[1] Act of April 28, 1942, ch. 247, Title IV, § 3, 56 Stat. 245, Title 50 U.S.C.A. Appendix, § 1191.

■ The plaintiff has not exhausted the administrative remedies available to him, as his petition in the Tax Court still pends. That he cannot, in such circumstances, maintain a suit to restrain the action of administrative officers is so well settled as not to require the citation of authorities.

■ The Supreme Court has held that whether the plaintiff's contracts are subject to the Act is a question within the exclusive jurisdiction of the Tax Court.[2] This is true also of the question of fact as to whether the plaintiff actually did derive excessive profits from his operations during the year in question.

■ The plaintiff's plea of the statute's unconstitutionality is prematurely presented here, as it should be urged first in the Tax Court. That court, in tax cases, has passed upon constitutional questions heretofore,[3] and its decisions concerning them have been appealed and the appeals so taken have been considered by the courts.[4] While the Renegotiation Act provides that when the Tax Court has redetermined the amount of excessive profits there shall be no judicial review of its determination, it does not follow that a Tax Court decision concerning the constitutionality of the Act may not be reviewed by the courts. Since the Tax Court is an agency in the executive branch of the government, it does not have, and could not be given, final or exclusive jurisdiction to determine constitutional questions. The power to pass on the constitutionality of an act of the Congress is a prerogative of the judicial branch of the government. Constitutional questions under the Renegotiation Act are, in the first instance, part of the case before the Tax Court, but, as with questions of jurisdiction,[5] the decisions of that court concerning them are appealable. Consequently, the plaintiff in the case at bar must first present his constitutional question to the Tax Court if he desires to obtain an adjudication concerning it.

The motion to dismiss the complaint is granted.

---

[2] Macauley v. Waterman Steamship Corporation, 66 S.Ct. 712.

[3] Keusch v. Commissioner of Internal Revenue, 23 B.T.A. 216; General Securities Corporation v. Commissioner of Internal Revenue, 23 B.T.A. 130; General Aniline & Film Corporation, 3 T.C. 1070; Mertens on Income Taxation, § 50.19.

[4] Independent Life Ins. Co. of America v. Commissioner of Internal Revenue, 17 B.T.A. 757, Commissioner of Internal Revenue v. Independent Life Ins. Co., 6 Cir., 67 F.2d 470, Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1047.

[5] United States Electrical Motors v. Jones, decided by the United States Court of Appeals for the District of Columbia, 153 F.2d 134, 136. There the Court of Appeals said:

"The Renegotiation Act provides:

" 'Upon such filing such court (that is, The Tax Court of the United States) shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, and such determination shall not be reviewed or redetermined by any court or agency.'

"Respondents argue that the Renegotiation Act forbids judicial review of any act of the Tax Court in a renegotiation case. The Act does not so read. It very carefully says that the Tax Court shall have exclusive jurisdiction to determine the amount of excessive profits. It leaves untouched, by direct reference or otherwise, the remaining content of Section 1141(a) of the Internal Revenue Code [26 U.S. C.A. Int.Rev.Code, § 1141(a)]. We think, therefore, that the statute places exclusive and unreviewable jurisdiction in the Tax Court to determine the amount of excessive profits, including questions of both law and fact in such determination, but that a ruling upon the jurisdiction of the Tax Court is untouched by that provision and, therefore, remains reviewable by this court. It would, we think, require clear language to indicate that Congress intended that any tribunal should have unreviewable authority to determine its own jurisdiction."