RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; HEIRS OF FRANCISCO MARCOS PURÓN, Interveners.

No. 133. Argued May 1, 1947.—Decided June 11, 1947.

*Luis Negrón Fernández, Attorney General,* and *Elmer Toro Lucchetti, Deputy Attorney General,* for petitioner. *R. Díaz Collazo* for interveners, complainants in the main proceeding.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Among several deficiencies notified by the Treasurer of Puerto Rico to the Heirs of Francisco Marcos Purón with respect to the income taxes for the years 1936, 1940, and 1941, there were included the items which the taxpayers had claimed as depreciation on certain houses owned by them, for each of said years. The Treasurer rejected those items on the ground that they did not appear charged-off in the books of the heirs. Upon the case being submitted to the

Tax Court, the latter rendered a decision granting to the taxpayers the right to claim depreciation on their houses for the years 1936 and 1940. The Treasurer then instituted the present proceeding, in which he urges that the Tax Court erred: (a) in holding that the taxpayers could deduct the depreciation of their houses without having entered it in their books; and (b) in holding that § 16(a)(8) of the Income Tax Act, as amended by Act No. 31 of 1941, did not have retroactive effect as of the year 1940, notwithstanding the express provision of the amendatory Act in the sense that the amendment would have retroactive effect as of January 1, 1940, contrary to the decision in *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460, 483.

■ The first question raised by the petitioning Treasurer, that is, whether a taxpayer is entitled to the deduction for depreciation on his property granted to him by § 16(a) (8) of the Income Tax Act, as the latter was in force until amended by Act No. 31 of April 12, 1941, notwithstanding his failure to charge-off that item in his books, was decided by this Court, adversely to the contention of the Treasurer, in *Loíza Sugar Co.* v. *Domenech,* 44 P.R.R. 530 (1933), and recently in *Buscaglia, Treas.* v. *Tax Court,* ante, p. 61.

In the case at bar the Treasurer admitted that the properties of the taxpayers had depreciated during the years 1936 and 1940, and that the amounts claimed on that account were reasonable. Under the above-cited decisions, the Tax · Court did not err in holding that the taxpayers were entitled to the deduction claimed for the year 1936.

■ Section 16(a)(8) of the Income Tax Act, before it was amended by Act No. 31 of 1941, did not require as a condition precedent to claiming a deduction for exhaustion, wear, and tear of the property, the entry of the amount of the depreciation in the books of the taxpayer. This requisite was established by the Regulations issued by the Treasurer.

Act No. 31 of 1941 amended § 16(a) (8) of the Income Tax Act [1] so as to provide as a prerequisite for the allowance of the deduction by the Treasurer, that the amount of the depreciation be entered in the account books of the taxpayers. In the absence of a compliance with that requisite, the Treasurer is without power to grant any deduction for depreciation.

Act No. 31, approved April 12, 1941, provides [2] that the same shall have retroactive effect as of January 1, 1940. Did the Tax Court err in refusing to apply retrospectively the provisions of § 16(a) (8), in its amended form, to the depreciation claimed for the year 1940? The grounds of the decision sought to be reviewed are as follows:

"It should be noted that said Act No. 31, *supra,* was not approved until April 12, 1941. By that time the returns pertaining to the calendar year 1940 had already been filed and the tax paid. The transactions of that year had already been consummated and the books, if any such were kept by the appellants, had been closed. The said Act No. 31, *supra,* provides that the same would have retroactive effect as of January 1, 1940. But the taxpayers acted throughout that year of 1940, presumably, under the provisions of the statute as it was in force until the end of said taxable period and until they filed their return and effected the payment of the tax. It could not have been the intention of the lawmaker that said amendment should operate retrospectively so as to cover a

---

[1] "Section 16.—(a) In computing net income there shall be allowed as deductions:

'*      *      *      *      *      *      *

'(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence; *Provided,* That no deduction shall be allowed for exhaustion, wear and tear, deterioration or depreciation of such property unless the exhaustion, wear and tear, deterioration or depreciation of such property is set forth or entered in the books of the taxpayer, in those cases where the taxpayer keeps books, sustained during the taxable year; *Provided,* That the foregoing shall not imply that the Treasurer shall be obliged to approve the items set forth for this reason in the books of the taxpayer; . . .' "

[2] "Section 29.—It is hereby declared that there exists a necessity and an emergency for the retroactivity of this Act, and the same shall take effect ninety days after its approval, which shall take effect from and after January 1, 1940."

factual and legal situation like the one we have just described. This being so, we think that the Treasurer erred in not allowing the deduction claimed by the appellants on account of the depreciation of their rent-yielding houses for the calendar year 1940, amounting to $4,884.50. See *Loíza Sugar Co.* v. *Domenech, supra.''

The decision sought to be reviewed is correct and should be affirmed. It is true that in *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460, 483, which involved the question of the retroactive effect of said Act No. 31 of 1941, we upheld the validity of the Act in so far as it imposed retroactively a tax on all income for the year 1940, despite the fact that said income had been paid prior to the approval of the said Act; and, we further held that the Legislature has power to limit or deny deductions from gross income in order to arrive at the net income which it wishes to tax. See *Helvering* v. *Ind. Life Ins. Co.,* 292 U.S. 371-81; *Welch* v. *Henry,* 305 U.S. 134; and *Wisconsin* v. *J. C. Penney Co.,* 311 U. S. 435-42. However, in the instant case, there is not involved any retroactive increase of the tax rate, nor any retroactive limitation or denial of deductions authorized by the statute anteceding the amendatory Act. The 1941 Act acknowledges the right of the taxpayer to claim a reasonable deduction for the depreciation of property used in the trade or business, and as a sole condition it requires that, where the taxpayer keeps books he should enter in them the amount of the depreciation sustained during the taxable year. We agree with the Tax Court that the intention of the Legislature could not have been to give the 1941 Act retroactive effect so as to make it applicable to a situation like the one presented by the case at bar. See also *Central Aguirre* v. *Tax Court,* 64 P.R.R. 257.

The decision sought to be reviewed should be affirmed.