RAYMOND F. DIXON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dixon v. Commissioner
Docket No. 34839-84.
United States Tax Court
T.C. Memo 1986-563; 1986 Tax Ct. Memo LEXIS 46; 52 T.C.M. (CCH) 1076; T.C.M. (RIA) 86563; November 24, 1986. Raymond F. Dixon, pro se. Roslyn G. Taylor, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was heard pursuant to the *48 provisions of section 7456(d) [redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ] and Rules 180, 181 and 182. [1]
Respondent determined the following deficiency in and additions to petitioner's Federal income tax for the year 1982: Deficiency
$5,923.00
Additions to Tax
sec. 6653(a)(1)
296.16
sec. 6653(a)(2)
*
sec. 6661(a)
592.00
In addition, respondent asks this Court to award damages to the United States under section 6673. Petitioner filed a timely Federal income tax return for the year 1982 reporting thereon wages of $24,298.83 and deducting therefrom $19,773.83 as the cost of his labor. On a notice of deficiency dated July 19, 1984, respondent disallowed the deduction for petitioner's labor, allowed deductions for sales taxes and income taxes and computed the tax using rates applicable to persons married filing separately. Petitioner filed a timely *49 petition with this Court on October 9, 1984. [2] He resided in Hopkins, South Carolina at the time his petition was filed. He was married in 1982 but did not file a joint return with his wife. Petitioner does not dispute that he received the income that he included on his income tax return as filed. However, he now contends that he does not owe any tax because (1) the income tax laws are unconstitutional; (2) an individual is not required to file a return; (3) the cost of supplying his labor to earn his wages is deductible; (4) wealthy persons and corporations pay little or no tax, and therefore, it is unfair for him to be taxed at a much higher rate; and (5) his constitutional rights were violated when he was not provided with free legal counsel to represent him before this Court. [3] These arguments have been rejected by this and other courts on innumerable occasions. Nevertheless, we briefly address each of them in turn. *50 The Federal income tax laws are constitutional. Since the ratification of the Sixteenth Amendment, it is immaterial with respect to income taxes whether the tax is a direct or indirect tax. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). See Hayward v. Day,619 F.2d 716 (8th Cir. 1980). There is no doubt that petitioner was required to file an income tax return for the year 1982 and that he was required to pay taxes on his wages. See secs. 1, 61, 6011, 6012(a)(1)(A), and 7701(a)(1); sec. 1.6012-1, Income Tax Regs.; Rowlee v. Commissioner,80 T.C. 1111 (1983), and the cases cited therein. Further, petitioner may not deduct the $19,723.83 as the cost of his labor. Deductions are a matter of legislative grace and may be taken only when specifically allowed by Congress. White v. United States,305 U.S. 281 (1938); Helvering v. Independent Life Ins. Co.,292 U.S. 371, 381 (1934). We can find no statutory authority for such a deduction. Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Petitioner further argues that he should *51 not have to pay Federal income tax because some wealthy individuals and corporations pay little or no tax and it is unfair for the government to tax him at such a high rate. Again, stated simply, this Court has no power with which to award judgment to petitioner on these grounds. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). For petitioner to qualify for any exemption, deduction or credit, he must prove that he comes within the terms of a particular statute. Deputy v. duPont,308 U.S. 488, 493 (1940). This, petitioner has failed to do. [4]
Lastly, petitioner complains that his constitutional rights were violated when he was not afforded free counsel to represent him in this lawsuit. Based on petitioner's reported income for the year in issue we know of no reason why, if petitioner had desired representation, he could not have obtained it. Nevertheless, the Sixth *52 Amendment of the Constitution of the United States only deals with criminal cases and is not applicable to the civil proceeding here. Cupp v. Commissioner,65 T.C. 68, 85-86 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Further, petitioner was afforded a full opportunity to be heard and none of his rights were violated. See Ginter v. Southern,611 F.2d 1226, 1229 (8th Cir. 1979), cert. denied 446 U.S. 967 (1980). Respondent has also asserted additions to tax under section 6653(a)(1) and (2) and section 6661(a). Petitioner has the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner has failed to contest these additions with any evidence or arguments except for the meritless arguments discussed above. Accordingly, we hold for respondent as to the deficiency and additions to tax shown on the notice of deficiency. Catalano v. Commissioner,81 T.C. 8 (1983), affd. without published opinion sub nom. Knoll v. Commissioner,735 F.2d 1370 (9th Cir. 1984). Finally, we must *53 consider whether to award damages to the United States pursuant to section 6673. This Court is permitted to award damages up to $5,000 where we find that the proceedings were instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Having reviewed the record, we can only conclude that the positions petitioner maintained herein are frivolous and groundless. See Abrams v. Commissioner,82 T.C. 403 (1984). Accordingly, we award the United States damages in the amount of $4,000. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Fifty percent of the interest due on the underpayment of $5,923.00.↩
2. The petition was mailed on October 6, 1984. A petition mailed within 90 days of the issuance of the notice of deficiency is deemed to be timely filed. See secs. 6213 and 7502.↩
3. Petitioner raised other issues in his petition but abandoned them at trial.↩
4. If petitioner believes his tax to be unfair we advise him to direct his energies toward attempting to influence Congress to change provisions which he perceives to be inequitable. They must be changed by properly enacted legislation before we can grant relief.↩