T.C. Memo. 2007-239

UNITED STATES TAX COURT

JAMES C. HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5028-06.                    Filed August 22, 2007.

James C. Harris, pro se.

<u>Donald E. Edwards</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a $1,363 deficiency in petitioner's Federal income tax for the taxable year 2003.  The issue for decision is whether petitioner is entitled to claim a dependency exemption and a child tax credit for his minor child

for the taxable year 2003, pursuant to sections 151[1] and 24, respectively. We hold that petitioner is not entitled to claim the dependency exemption or the child tax credit, because (1) petitioner is not the child's custodial parent pursuant to section 152(e); (2) petitioner's ex-spouse did not release her claim to the dependency exemption for their minor child for the taxable year in question; and (3) petitioner's claim that section 152 violates the Equal Protection Clause of the 14th Amendment to the Constitution is without merit.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time of his petition, petitioner resided in Newalla, Oklahoma.

Petitioner was divorced from his ex-spouse in December 1997. Petitioner and his ex-spouse had two children by their marriage, one of whom was still a minor during the taxable year 2003. The terms of the divorce decree granted custody of both children to petitioner's ex-spouse, subject to petitioner's rights of visitation. It further established that petitioner would pay 76.6 percent of the child support for both children, based on the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

child support guideline computation for the State of Oklahoma. In the calendar year 2003, both children resided with petitioner for 139 days and with their mother for 226 days.

Petitioner claimed a dependency exemption and child tax credit for his minor child on his Federal income tax return for the taxable year 2003. Petitioner's ex-spouse did not sign an Internal Revenue Service (IRS) Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, for the taxable year 2003. Petitioner did not affix any other written declaration to his 2003 Federal income tax return that conformed to the substance of a Form 8332.

In December 2005, respondent issued a $1,363 notice of deficiency to petitioner with respect to the dependency exemption and child tax credit claimed for the taxable year 2003. Petitioner timely petitioned this Court for redetermination.

OPINION

Section 151 provides a tax exemption as a deduction in computing taxable income for a taxpayer's dependents. Section 152(a) defines "dependent" to include the son or daughter of a taxpayer, for whom the taxpayer furnished more than one-half the support for the calendar year in which the taxable year begins. Section 24 provides a credit against income tax for each qualified child of a taxpayer who is under 17 years of age and for whom the taxpayer may claim a deduction under section 151.

Sec. 24(c)(1)(A) and (B). Thus, a taxpayer is ineligible for the child tax credit under section 24 unless he or she is eligible for the dependency exemption under section 151.

Where the parents of a dependent child are divorced or legally separated, section 152(e)(1) confers the dependency exemption onto the parent having custody of the child for the greater portion of the calendar year (custodial parent). As an exception to the general rule, a noncustodial parent may claim the exemption where the custodial parent executes a valid written declaration releasing his or her claim to the exemption, and the noncustodial parent attaches that declaration to his or her Federal income tax return for the taxable year. Sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner does not contend that he complied with the provisions of section 152 for the taxable year 2003. Petitioner's children were in the custody of his ex-spouse for more than one-half the calendar year; she did not execute a valid written declaration releasing her claim to the dependency exemption for the taxable year; and petitioner did not attach such a declaration to his Federal income tax return. Instead, petitioner argues that section 152(e) denies noncustodial parents equal protection under the 14th Amendment to the Constitution by granting the dependency exemption to a custodial parent by

default, regardless of the percentage of support furnished by each parent.  Petitioner's claim is without merit.

All deductions, including dependency exemptions, are allowed as a matter of legislative grace.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Congress has the power to condition, limit, or deny deductions in arriving at the net income it chooses to tax.  Helvering v. Indep. Life. Ins. Co., 292 U.S. 371, 381 (1934).  Congress may make distinctions among taxpayers as long as they are not arbitrary or capricious. Hamilton v. Commissioner, 68 T.C. 603, 608 (1977).

The 14th Amendment to the Constitution of the United States does not apply to Federal statutes.  Labay v. Commissioner, 55 T.C. 6, 14 (1970), affd. 450 F.2d 280 (5th Cir. 1971); Cole v. Commissioner, T.C. Memo. 1975-144.  With regard to Federal statutes, the Due Process Clause of the 5th Amendment embraces the principles of the Equal Protection Clause of the 14th Amendment.  Johnson v. Robison, 415 U.S. 361, 364-365 n.4 (1974); Caputi v. Commissioner, T.C. Memo. 2004-283.  Under the Fifth Amendment, a statutory classification generally is valid if it bears a rational relation to a legitimate Government interest and it does not implicate a suspect classification or interfere with a fundamental right, and legislatures have especially broad latitude in creating classifications and distinctions in tax statutes.  Regan v. Taxation With Representation of Wash., 461

U.S. 540, 547 (1983).  The rational basis standard dictates that a statutory provision does not violate equal protection "if any state of facts rationally justifying it is demonstrated to or perceived by the courts."  United States v. Md. Savings-Share Ins. Corp., 400 U.S. 4, 6 (1970).  Moreover, a classification that has some reasonable basis does not violate the Constitution simply because it "is not made with mathematical nicety, or because in practice it results in some inequality."  Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78 (1911); Bryant v. Commissioner, 72 T.C. 757, 764 (1979).  This case does not involve a fundamental right or suspect class.

Prior to 1984, a noncustodial parent could claim a dependency exemption pursuant to section 152(e) if he or she provided $1,200 or more for the support of a child and the custodial parent could not clearly establish that he or she provided more support than the noncustodial parent.  This provision required the IRS to wade into disputes between parents "who both [claimed] the dependency exemption based on providing support over the applicable thresholds."  H. Rept. 98-432 (Part 1), at 197 (1984).  Thus, Congress added the written declaration requirement to section 152(e) to eliminate the role of the IRS as mediator between divorced or separated parents, provide more certainty to the "often subjective and * * * difficult problems of proof and substantiation" that accompanied dependency

exemption disputes, and clarify which of two divorced parents would receive the dependency exemption.  Knight v. Commissioner, T.C. Memo. 1992-710, affd. 29 F.3d 632 (9th Cir. 1994); H. Rept. 98-432 (Part 2), supra at 1498.  Because section 152(e) eases the administrative burden of the IRS and thereby advances enforcement of the statute in a rational way, it furthers a legitimate congressional purpose.  Knight v. Commissioner, supra. Therefore, section 152(e) does not violate the Due Process Clause of the Fifth Amendment to the Constitution of the United States. Id.  Accordingly, we hold that petitioner is not eligible for a dependency exemption or a child tax credit for the taxable year 2003.

To reflect the foregoing,

Decision will be entered for respondent.