C. T. JENNEMANN AND DORIS M. JENNEMANN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7873–74.   Filed March 7, 1977.

*Hugh R. Law,* for the petitioners.
*Paul K. Voelker,* for the respondent.

OPINION

HALL, *Judge:* Respondent determined a $557.91 deficiency in petitioners' 1971 income tax.

The issues for decision are:

(1) Whether this Court is prohibited from taking action herein since it is not established pursuant to the provisions of article III of the Constitution.

(2) Whether section 402(a)(2)[1] as applicable to petitioners' 1971 return violates the Fifth Amendment to the Constitution.

All of the facts have been stipulated and are found accordingly.

Petitioners C. T. and Doris M. Jennemann, husband and wife, resided in St. Louis, Mo., at the time they filed their petition herein. Doris M. Jennemann is a party to this case only by virtue of having filed a joint return with her husband. When we hereafter refer to petitioner, we will be referring to C. T. Jennemann.

From January 2, 1971, and continuing to the present, C. T. Jennemann has been an employee of the Kroger Co. Commencing at some point prior to January 2, 1971, petitioner was a participant in the Kroger Employees Savings and Profit Sharing Plan (Plan). On September 18, 1970, the Kroger Co's board of directors voted to terminate the Plan, effective January 2, 1971. Thereafter, on January 2, 1971, the Plan was terminated.

During 1971, petitioner received a lump-sum distribution of $8,557.83 from the Plan by reason of the termination. The distribution included amounts contributed to the Plan by petitioner and by Kroger, and earnings on those contributions. Petitioner correctly excluded from his computation of amounts allegedly subject to capital gains tax his contributions, determined by applying section 72(f). Petitioner correctly included the portion of the lump-sum distribution representing post-1969 employer contributions in gross income as ordinary income under section 402(a)(5).[2] However,

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

[2] Sec. 402(a)(5) as it read prior to amendment in 1974 provided:

(5) LIMITATION ON CAPITAL GAINS TREATMENT.—The first sentence of [sec 402(a)(2)] shall apply to a distribution paid after December 31, 1969, only to the extent that it

petitioner reported as long-term capital gains that portion of his lump-sum distribution representing pre-1970 employer contributions. With this exception, respondent concedes that petitioners' treatment of the distribution was correct. However, respondent points out correctly that in the absence of death or a separation from service, which clearly did not occur here, the entire distribution in excess of personal contributions was required to be treated as ordinary income under section 402(a)(2)[3] as it read in 1971.

Petitioner does not argue that respondent misread the statute. Instead, he raises constitutional objections to our power to decide the case and to congressional power to enact section 402(a)(2).

Petitioner first contends that the United States Tax Court cannot lawfully take action herein since it is not established pursuant to the provisions of article III of the Constitution. We addressed the identical issue in *Burns, Stix Friedman & Co., Inc.*, 57 T.C. 392, 400 (1971), where we stated:

> In our opinion Congress acted wholly within its constitutional power in creating this Court as an article I court without regard to the provisions of article III; and this Court may exercise the jurisdiction conferred upon it by Congress without violating article III. * * *

In *Burns, Stix Friedman & Co., Inc.* we thoroughly discussed the reasons for our conclusion that Congress had lawfully

---

does not exceed the sum of—

(A) the benefits accrued by the employee on behalf of whom it is paid during plan years beginning before January 1, 1970, and

(B) the portion of the benefits accrued by such employee during plan years beginning after December 31, 1969, which the distributee establishes does not consist of the employee's allocable share of employer contributions to the trust by which such distribution is paid.

The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this paragraph.

[3] Sec. 402(a)(2) as it read prior to amendment in 1974 provided:

(2) CAPITAL GAINS TREATMENT FOR CERTAIN DISTRIBUTIONS.—In the case of an employees' trust described in section 401(a), which is exempt from tax under section 501(a), if the total distributions payable with respect to any employee are paid to the distributee within 1 taxable year of the distributee *on account of the employee's death or other separation from the service, or on account of the death of the employee after his separation from the service,* the amount of such distribution, to the extent exceeding the amounts contributed by the employee (determined by applying section 72(f)), which employee contributions shall be reduced by any amounts theretofore distributed to him which were not includible in gross income, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. * * * [Emphasis added.]

established the United States Tax Court as a legislative court under article I. We find the logic therein no less compelling today and adhere to our earlier conclusion.

Petitioner's final contention is that section 402(a)(2) as applicable to his 1971 return violates the Fifth Amendment to the constitution in that it confers tax benefits on certain employees and their widows while denying those benefits to petitioner. He argues that there is no rational basis or intelligible legislative purpose in conferring long-term capital gain treatment to distributees of lump sum distributions where the distribution is made "on account of the employees' death or other separation from service, or on account of the employees' death after his separation from service," while denying such treatment to distributees of lump-sum distributions where the distribution is made on account of the termination of a qualified plan. Petitioner requests that we find the limitations within section 402(a)(2) violative of the Fifth Amendment and thereby grant long-term capital gain treatment to him.

Section 402(a)(2) provided generally in 1971 that certain lump-sum distributions from qualified plans will be afforded long-term capital gains treatment. This in turn allows a distributee a deduction equal to 50 percent of the gain realized or an alternative tax. See secs. 1201 and 1202.

Allowance of a deduction from gross income is not a matter of right or equity but depends upon legislative grace. *Helvering v. Ind. Life Ins. Co.*, 292 U.S. 371, 381 (1934); *New Colonial Ice Co., Inc. v. Helvering*, 292 U.S. 435, 440 (1934); *Deputy v. duPont*, 308 U.S. 488, 493 (1940). However, the due process clause contained in the Fifth Amendment requires that any limitation on the grant of a deduction or of a preference be founded upon a rational basis. *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 24–25 (1916); *United States v. Maryland Savings-Share Ins. Corp.*, 400 U.S. 4, 6 (1970); *Vivien Kellems*, 58 T.C. 556, 558 (1972), affd. 474 F.2d 1399 (2d Cir. 1973). Where the limitations are implemented by means of a classification, that classification will not be set aside if any set of facts rationally justifying it is demonstrated or perceived by the courts. *United States v. Maryland Savings-Share Ins. Corp., supra; Vivien Kellems, supra.*

In providing such treatment for certain employees or their widows, Congress intended to provide relief to these individuals from any "bunched income" problem, i.e., taxing at graduated rates income received in 1 year but accrued to a distributee over a number of years. H.R. Rept. No. 91-413 (Part I) 153-155 (1969), 1969-3 C.B. 200, 296-297; see *United States v. Martin,* 337 F.2d 171, 175 (8th Cir. 1964). Congress granted preferential treatment only to employees who retire or separate from service and widows of employees who die during the course of their employment. See S. Rept. No. 1631, 77th Cong., 2d Sess. 138 (1942), 1942-2 C.B. 504, 607. Congress specifically declined to grant such treatment to persons who received lump-sum distributions on termination of a plan on the grounds that such a provision would be an invitation to a variety of ingenious abuses. S. Rept. No. 1622, 83rd Cong., 2d Sess. 54 (1954).

We are able to perceive a rational basis for granting preferential capital gains treatment only to employees who retire or separate from service, and their widows, i.e., that Congress could have determined that these individuals are generally less able to pay taxes and generally more dependent on their pensions for a livelihood than employees who continue in their employment. Moreover, the denial of the preferential treatment to employees who receive lump-sum distributions upon plan termination, is founded upon the sensible conclusion that such a provision would encourage otherwise unnecessary plan terminations, at the expense of rank and file employees, for the purpose of obtaining capital gains treatment for those in control. All kinds of abuses could be readily imagined, such as a pattern of starting, terminating, and restarting plans.

Petitioner also contends that section 402(a)(2) is so arbitrary and capricious as to entail confiscation of his property without due process of law, citing *Heiner v. Donnan,* 285 U.S. 312 (1932), and *Hoeper v. Tax Commission,* 284 U.S. 206 (1931), to support his contention. However, neither case supports petitioner. In *Heiner* the Court declared unconstitutional a statute which provided a conclusive presumption that any gift made by a person within 2 years of his death was made in contemplation of death. In *Hoeper,* the Court was dealing with a Wisconsin income tax statute which added a wife's earnings

to her husband's taxable income even though Wisconsin law provided that a husband had no right of control over his wife's earnings. Since petitioner does not contend that Congress cannot tax the distributions, but instead contends that he also must be afforded capital gain treatment, we are of the opinion that these cases have no bearing on the issue before us. The heart of petitioner's contention is his assertion that the classifications drawn by Congress are unjust. However, since we have concluded that the applicable classifications are founded on a rational basis, we conclude that section 402(a)(2) does not violate the due process clause of the Fifth Amendment.

*Decision will be entered for the respondent.*