MICHAEL RADNOVICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radnovich v. Commissioner
Docket No. 2605-76
United States Tax Court
T.C. Memo 1977-164; 1977 Tax Ct. Memo LEXIS 278; 36 T.C.M. (CCH) 686; T.C.M. (RIA) 770164; May 31, 1977, Filed *278 Michael Radnovich, pro se. Marion K. Mortensen, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1973 in the amount of $1,718.65.We are called upon to decide a variety of constitutional questions relating to the asserted deficiency. FINDINGS OF FACT Petitioner resided in Redondo Beach, California at the time his petition was filed herein. On his return for 1973, petitioner claimed deductions for certain rental expenses, contributions, interest, and medical expenses which were disallowed by respondent in the amounts of $4,561, $513, $1,129.39, and $22.79, respectively. At trial, petitioner did not desire to present any evidence substantiating these deductions for the year in issue, relying instead upon certain constitutional arguments advanced by him in his petition and in an affidavit filed with the Court. OPINION In his petition and affidavit, petitioner sets out various constitutional arguments which fall into the following categories.
(1) That the United States Tax Court, as constituted, is unconstitutional and its actions *279 are void. (2) The placing of the burden of proof on petitioner is unconstitutional.
(3) That petitioner's right against self-incrimination has been violated. (4) That petitioner is entitled to a jury trial. (5) That taxes must be assessed in notes or credits redeemable in gold and silver. (6) That the Federal income tax is unconstitutional. All of the constitutional arguments raised by petitioner are with respect to matters previously disposed of by this Court adverse to petitioner's contentions. The authority of this Court to adjudicate tax controversies has been sustained in Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). On the basis of our holding in that case, we find that there is no validity to petitioner's allegation that the United States Tax Court is unconstitutional and its acts void. See also Jennemann v. Commissioner,67 T.C. 906 (1977). It is well established law that a deficiency determination by the Commissioner is presumed correct and that the taxpayer has the burden of proving such determination to be erroneous. Welch v. Helvering,290 U.S. 111 (1933); Roberts v. Commissioner,62 T.C. 834 (1974). *280 Additionally, petitioner's argument that any compelled disclosure is in violation of his rights against self-incrimination under the fifth amendment to the Constitution is also without substance since the only purpose of this case is to determine the existence of an alleged Federal tax liability, a proceeding civil in nature. [1] Moreover, there is no constitutional right to refuse to file an income tax return because of the fifth amendment. United States v. Sullivan,274 U.S. 259 (1927). We have previously held that there is no merit to the taxpayer's contention that gold and silver coins are the only legal tender in this country and the only proper dollars on which to base an income tax deficiency. Cupp v. Commissioner,65 T.C. 68 (1975), on appeal (3rd Cir. July 26, 1976); Gajewski v. Commissioner,67 T.C. 181 (1976). In the Cupp case, we also held that no constitutional right of a taxpayer is violated by the failure *281 of this Court to afford him a jury trial. See also Swanson v. Commissioner,65 T.C. 1180 (1976). Petitioner's argument that the Federal income tax is unconstitutional is "far-fetched and frivolous." United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. den. 400 U.S. 824 (1970). The constitutionality of the income tax was upheld by the Supreme Court in Brushaber v. Union Pac. R. Co.,240 U.S. 1 (1916). See also Stanton v. Baltic Mining Company,240 U.S. 103 (1916). Petitioner has declined to offer any substantiation, instead preferring to rest on his constitutional arguments. However, petitioner has the burden of proving that the respondent's determination is incorrect. Welch v. Helvering,supra;Rule 142, Tax Court Rules of Practice and Procedure. Something more than petitioner's bare assertion that his return is correct is required to sustain this burden. Roberts v. Commissioner,supra.We therefore sustain respondent's determination.
Decision will be entered for the respondent. Footnotes
1. See Hartman v. Commissioner,65 T.C. 542, 547 (1975), and cases cited therein; see also Cupp v. Commissioner,65 T.C. 68↩ (1975), on appeal (3rd Cir. July 26, 1976).