LORAIN H. PAYNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Payne v. Commissioner
Docket No. 9169-79.
United States Tax Court
T.C. Memo 1981-654; 1981 Tax Ct. Memo LEXIS 91; 42 T.C.M. (CCH) 1646; T.C.M. (RIA) 81654; November 9, 1981. *91 Held: 1. Tax Court has jurisdiction to decide this case. 2. Tax Court has jurisdiction to enter a decision with respect to self-employment tax. 3. Issuance of notice of deficiency does not violate taxpayer's Fifth Amendment rights. Notice of deficiency valid. 4. Petitioner's taxably income for 1976 redetermined. Taxable income determined by respondent for 1975 and 1976 affirmed. (5) Petitioner is liable for addition to tax for failure to file timely income tax returns under sec. 6651(a), I.R.C. 1954. Returns filed by petitioner contained no information from which Commissioner could determine his tax liability and were not valid returns. (6) Petitioner is liable for additions to tax for negligence under sec. 6653(a) and for underpayment of estimated income tax under sec. 6654, I.R.C. 1954. Douglas H. Brown, for the petitioner. Donald T. Rocen *93 , for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes for the taxable years 1975, 1976 and 1977 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1975
$ 2,473
$ 618
$ 124
$ 107
1976
3,430
858
172
128
1977
3,102
776
155
110
The issues presented for decision are: (1) Whether this Court lacks jurisdiction to take action herein since it is not established pursuant to the provisions of Article III of the United States Constitution, (2) whether this Court has jurisdiction to enter a decision with respect to self-employment taxes, (3) whether the notice of deficiency and respondent's attempts to compel answers and information violated petitioner's Fifth Amendment rights to due process and privilege against self-incrimination, (4) whether respondent correctly determined petitioner's gross income for 1976, [2] (5) whether petitioner is *94 liable for an addition to tax imposed under section 6651(a)(1) for failure to file a timely income tax return, (6) whether petitioner is liable for an addition to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations, and (7) whether petitioner is liable for an addition to tax imposed under section 6654 for underpayment of estimated tax. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Lorain H. Payne (hereinafter petitioner) resided in Colorado Springs, Colorado, at the time of the filing of the petition herein. Petitioner filed with the Internal Revenue Service, Ogden, Utah, an "amended" Form 1040 for each of the taxable years 1975 and 1976 and a Form 1040 for taxable year 1977. [3] An "additional amended" Form 1040 for the taxable years 1975 and 1976 was filed with the Internal Revenue Service, Ogden, Utah, as well. *95 The amended returns originally filed by petitioner for 1975 and 1976 stated that wages, salaries, tips and other employee compensation were "under $ 740.00." A single asterisk was placed next to the figure indicating that it was "expressed in Constitutional Dollars of silver and/or gold." The remaining spaces in which an income or other figure was to be reported contained no information concerning petitioner's income or deductions for such years, but rather contained either the single asterisk referred to above or a double asterisk. The double asterisk indicated that "This means that specific objection is taken to the specific question, on grounds of the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments, as to Federal Reserve Notes." Petitioner additionally stated on the return that "I offer to amend or to re-file this return exactly as you wish it, if you will please show me how to do so without waiving my constitutional rights." Attached to each Form 1040 was an affidavit stating that petitioner was very confused as to "what a dollar is" and a claim of Fifth Amendment protection. The additional amended 1040 forms filed for taxable years 1975 and 1976, and the *96 original Form 1040 filed for 1977 also contained no information concerning petitioner's income or deductions for such years. Instead, a single or double asterisk was placed in the space provided for such information. Next to the single and double asterisks there appeared essentially the same constitutional arguments that petitioner had made on the amended 1040 forms originally filed for taxable years 1975 and 1976. Each of these 1040 forms also contained the following statement: I do not understand this return nor the laws that may apply to me. Signature involuntarily given under threat of statutory punishment. I request complete immunity per 18 USC § 6002 & § 6004 before waiving any constitutional or natural rights, including the Fifth Amendment guarantee of not being a witness against myself. Furthermore, there again appeared the statement regarding petitioner's willingness to re-file the 1040 form if the Commissioner would show him how to do so without waiving his constitutional rights. Finally, attached to these forms were various affidavits expressing petitioner's doubt as to "what a dollar is," and his claim of Fifth Amendment protection. *97 The Declaration of Independence was attached to petitioner's additional amended 1975 return and the United States Constitution was attached to his 1976 additional amended return. Petitioner refused to provide respondent with any records pertaining to his tax liability. Respondent determined that petitioner's taxable income for 1975 and 1977 was equal to the bank deposits made to his Pikes Peak National Bank checking account during those periods or $ 10,257 and $ 12,253, respectively. For taxable year 1976, petitioner's deposits in his Pikes Peak National Bank checking account totaled $ 13,085.59 and respondent determined this to be his gross income for 1976. Based thereon, respondent, after deducting $ 1,400 as the appropriate standard deduction and $ 750 as a personal exemption deduction, determined petitioner's taxable income to be $ 10,936. [4] In computing petitioner's taxable income, respondent did not take into account any dependency exemption deductions for petitioner's three minor children. Respondent now concedes that petitioner is entitled to three dependency exemption deductions for the taxable years in issue and we so find. *98 Respondent determined deficiencies in the amount of $ 2,473, $ 3,430 and $ 3,102 in petitioner's income taxes for the taxable years 1975, 1976 and 1977, respectively. Each of these deficiencies were composed in part of a self-employment tax. In addition, respondent determined that petitioner was liable for additions to tax for failure to file timely returns, for negligence or intentional disregard of rules and regulations, and for underpayment of estimated taxes. OPINION The first issue for determination is whether this Court lacks jurisdiction to take action herein since it is not established pursuant to the provisions of Article III of the United States Constitution. [5]
Petitioner contends that any action taken by this Court would be an exercise of judicial power which can only be exercised by a court established *99 under Article III of the Constitution and that, therefore, we lack jurisdiction to decide the issues herein. The authority of this Court to adjudicate tax disputes between taxpayers and the Government when a notice of deficiency has been issued was upheld in Burns, Stix Friedman & Co., Inc. v. Commissioner, 57 T.C. 392 (1971), and has been reaffirmed in subsequent decisions. Jenneman v. Commissioner, 67 T.C. 906 (1977); Anthony v. Commissioner, 66 T.C. 367 (1976). See also Continental Equities, Inc. v. Commissioner, 551 F.2d 74, 83 (5th Cir. 1977). [6] We see no reason to reconsider our position on this issue and, accordingly, find that we have jurisdiction to decide the issues herein. The second issue is whether this Court has jurisdiction to enter a decision with respect to self-employment taxes. Petitioner makes various arguments in support of his contention that this Court lacks jurisdiction to enter a decision with respect to the self-employment tax imposed by section *100 1401. [7] This claim is without merit. Section 6211(a) provides in pertinent part that in the case of income taxes imposed by subtitle A the term "deficiency" means the amount by which the tax imposed by subtitle A exceeds the amount of tax shown by the taxpayer on his return. Section 1401, which imposes the tax on self-employment income, is a part of subtitle A of the Internal Revenue Code. Section 6213(a) gives the Court jurisdiction to make a redetermination of a deficiency provided the taxpayer timely files a petition with *101 the Tax Court. Therefore, once respondent determined there was a deficiency in a tax imposed under subtitle A and petitioner filed a timely petition with this Court, we obtained jurisdiction to enter a decision with respect to the self-employment taxes. Sec. 1.1401-1, Income Tax Regs.; Zarnow v. Commissioner, 48 T.C. 213 (1967). [8]
The third issue presented for determination is whether the notice of deficiency and respondent's attempts to compel answers and information violates petitioner's Fifth Amendment rights to due process and privilege against self-incrimination. As to the due process claim, apparently petitioner contends that as a result of his constitutionally-premised refusals to supply the information required on the Form 1040, he was selected for audit in an arbitrary and capricious fashion in violation of his Fifth Amendment right to due process and that therefore the resulting notice of deficiency is invalid. This claim is totally without merit. In Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974), we observed *102 that "it is conceivable that there may be situations where a taxpayer should be accorded some relief, if he were able to prove that he was selected for audit on a clearly unjustifiable criterion." In the instant case petitioner was selected for audit after making several constitutionally grounded claims which we have of times said are frivolous in nature. [9] We are unable to say that his selection for audit was based on a clearly unjustifiable criterion. Furthermore, even if we were, petitioner would still not be entitled to the relief requested, rather, we would merely impose on respondent the burden of going forward with the evidence to establish the existence and amount of any deficiency. See Jackson v. Commissioner, 73 T.C. 394, 401 (1979). As to petitioner's claim that his Fifth Amendment right to self-incrimination was violated, he argues that respondent attempted to compel answers and information from him after his return had been forwarded to the Criminal Division of the Internal Revenue Service. Petitioner argues that once his returns were forwarded, the likelihood of prosecution *103 was no longer remote and unlikely and thus he was entitled to claim the privilege against self-incrimination. Petitioner asserts this privilege was denied and that therefore the notice of deficiency is invalid. Petitioner does not indicate at what time respondent attempted to compel answers or information from him, or when, if ever, he claimed his Fifth Amendment right against self-incrimination. Apparently, petitioner is contending that respondent attempted to compel the answers and information at the audit of petitioner or through the notice of deficiency. Such contention is meritless. See Greenberg's Express, Inc. v. Commissioner, supra.
The obvious fallacy of petitioner's argument is that at no time did respondent attempt to compel answers or information from him. The notice of deficiency merely informed petitioner that he had paid less income taxes than were due. Petitioner was not compelled to disclose anything at that time, nor did he do so. Furthermore, petitioner has come forth with no evidence to show that he was compelled to disclose answers or information at his audit. Indeed, the evidence indicates that petitioner disclosed little or no information *104 to respondent at all relevant times herein. Having determined that this Court has jurisdiction over the issues herein and that the notice of deficiency was valid, we turn to the fourth issue presented for decision. This issue concerns whether respondent correctly determined petitioner's gross income for the taxable year 1976. [10] Respondent determined that petitioner's gross income for such year was equal to $ 13,085.59, the amount of the total bank deposits that petitioner made to his Pikes Peak National Bank checking account in 1976. Petitioner contends that his gross income was $ 10,285.59. Petitioner has the burden of proof of showing that he did not receive income as determined by respondent. Rule 142(a), Tax Court Rules of Practice *105 and Procedure. Petitioner testified that $ 2,800 of one of the checks he deposited in his checking account in 1976 was owed to his employer, Westech International, Inc. The $ 2,800 represented money that was owed to Westech International, Inc., by a third party, for which petitioner acted as a courier. On July 1, 1976, petitioner wrote a check to Mr. Gary C. Smith (hereinafter Smith), the president of Westech International, Inc., for the $ 2,800. Petitioner submitted into evidence a copy of the check and the affidavit of Smith, both of which supported his testimony. In light of petitioner's testimony and this corroborating evidence we hold that petitioner has met his burden of proof and therefore find that his gross income for 1976 was $ 10,285.59. [11]
The fifth issue for determination is whether petitioner is liable for each of the taxable years in issue for an addition to tax imposed under section 6651(a)(1) for failure to file a timely income tax return. Petitioner argues that because he has timely filed a Form 1040 for each of the taxable years in dispute, he is not liable for such addition to tax.Alternatively, he argues *106 that if it is found that he did not file a return for the taxable years in dispute, his failure to do so was due to reasonable cause and not willful neglect. Respondent contends that the 1040 forms filed by petitioner were not valid Federal income tax returns for taxable years 1975, 1976 and 1977 and that such failure to file valid returns was not due to reasonable cause. "The acid test for determining whether a document constitutes a valid return is whether it contains sufficient data from which respondent can compute and assess a tax liability." White v. Commissioner, 72 T.C. 1126, 1129 (1979) (citations omitted).
It is settled law that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of sec. 6012. Hatfield v. Commissioner, 68 T.C. 895 (1977); White v. Commissioner, supra; Porth v. United States, 426 F.2d 519 (10th Cir. 1970). Clearly, the Form 1040 filed for the taxable year 1977 did not constitute a valid return, *107 as it contained no information regarding petitioner's income or deductions for such year. See United States v. Smith, 618 F.2d 280 (5th Cir. 1980); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980). But see United States v. Long, 618 F.2d 74 (9th Cir. 1980). The first amended returns [12] filed for the taxable years 1975 and 1976 stated that wages, salaries, tips, and other employee compensation were "under $ 740.00." A single asterisk was placed next to this figure indicating that it was "expressed in Constitutional Dollars of silver and/or gold." The remaining space in which income or other figures were to be reported contained no information concerning petitioner's income, but rather contained various constitutional objections previously noted. *108 It is clear that these forms did not constitute valid returns for taxable years 1975 and 1976. Petitioner's deductions, exemptions, taxable income or credits were not disclosed. While the forms did admittedly state that petitioner's gross income was "under $ 740.00," this figure was expressed in "Constitutional Dollars of silver and/or gold." The courts have uniformly held that Federal Reserve notes constitute legal tender--"money"--which must be reported on a taxpayer's return in accordance with his method of accounting. Cupp v. Commissioner, 65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Hatfield v. Commissioner, supra.Petitioner failed to disclose the amount of "money" he received for wages and salary and it was thus impossible for respondent to compute petitioner's income tax liability from the returns. Therefore, we find that tax returns were not filed for the taxable years 1975, 1976, and 1977. [13] Consequently, petitioner is liable for the additions to tax under section 6651(a) unless through the exercise of ordinary prudence he could not have determined that he was required to file a return. See BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976). *109 We have no doubt that by the exercise of ordinary prudence, petitioner could have determined that the various constitutional arguments on which he relied would not relieve him of the obligation to file a valid income tax return. Moreover, the fact that petitioner was confused as to the meaning of what a dollar is did not relieve him of this obligation. Accordingly, we find that petitioner is liable for the additions to tax imposed under section 6651(a)(1) for failure to file a timely income tax return. The sixth issue is whether petitioner is liable, for each of the taxable years in issue, for an addition to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations. The burden of proof with respect to this issue is on petitioner. Hatfield v. Commission, supra.Petitioner failed to offer any evidence to show that his underpayments of tax were not due to the intentional disregard of rules and regulations or to negligence and, therefore, the additions to the tax determined pursuant to section 6653(a) must *110 be sustained. The final issue for determination is whether for each of the taxable years in issue, petitioner is liable for an addition to tax imposed under section 6654 for underpayment of estimated tax. Petitioner has made no showing that he paid any estimated tax for the taxable years in issue or that any tax was withheld from his wages for such years. Petitioner has totally failed to show that he is not liable for the addition to tax imposed under section 6654 and accordingly the additions to tax must be sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years involved.↩
2. Petitioner offered no evidence to contest respondent's determination of the amount of his gross income for 1975 and 1977.↩
3. The first "amended" 1040 forms filed by petitioner for the taxable years 1975 and 1976 were apparently the first forms filed by petitioner for such years. The reason for designating the forms as "amended" was not explained by the parties.↩
4. Respondent determined petitioner's tax liability for 1975 and 1977 by reference to the tax tables for a married taxpayer filing separately allowing one exemption.↩
5. Neither in his petition, at trial, nor on brief did petitioner make any of the constitutional arguments relied on when filing the 1040 forms except he did claim that his Fifth Amendment↩ rights to due process and privilege against self-incrimination were violated. We assume petitioner realized the frivolity of such other claims and therefore abandoned them.
6. Wharton v. Commissioner, T.C. Memo. 1978-319; Ramsden v. Commissioner, T.C. Memo. 1978-158↩.
7. Petitioner incorrectly seems to believe that if this Court lacks jurisdiction to enter a decision with respect to the self-employment tax he would not be subject to such tax. In actuality, if this Court lacked jurisdiction, it would be unable to redetermine the correctness of the deficiency. Respondent could assess such tax and petitioner's only redress would be to pay and threeafter sue for refund in either the Federal District Court or the U.S. Court of Claims.↩
8. See also Knox v. Commissioner, T.C.Memo. 1967-164↩.
9. McCoy v. Commissioner, 76 T.C. 1027, 1029↩ (1981).
10. Since petitioner offered no evidence with respect to his gross and taxable income for 1975 and 1977 and made no argument with respect thereto on brief, we must assume that he has conceded that respondent's determination of gross and taxable income for those 2 years is correct. In any event petitioner has filed to carry his burden of proving error in respondent's determination for 1975 and 1977, so we affirm respondent's determination.↩
11. $ 13,085.59 - $ 2,000 = $ 10,285.59.↩
12. Petitioner filed additional amended returns for taxable years 1975 and 1976. However, these returns did not list any of petitioner's income or deductions and did not constitute valid returns. Hatfield v. Commissioner, 68 T.C. 895↩ (1977). Therefore, for us to find that petitioner filed a valid return for either taxable year 1975 or 1976 we would have to do so based upon the first amended returns filed for taxable years 1975 and 1976.
13. See Mehr v. Commissioner, T.C.Memo. 1979-36↩, wherein similar returns were involved.