DEAN E. STONIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stonier v. Commissioner
Docket No. 8745-79.
United States Tax Court
T.C. Memo 1981-662; 1981 Tax Ct. Memo LEXIS 82; 42 T.C.M. (CCH) 1674; T.C.M. (RIA) 81662; November 16, 1981. *83 Dean E. Stonier, pro se. Marvin T. Scott, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes for the taxable years 1972 through 1975 as follows: Additions to tax
Year
Deficiency
sec. 6651(a)(1) [1]
sec. 6653(a)
sec. 6654
1972
$ 3,969
$ 554.75
$ 198.45
$ 57.01
1973
21,478
4,994.50
1,073.90
627.30
1974
13,656
3,414.00
682.80
436.99
1975
10,579
2,644.75
528.95
376.68
In his petition filed in this case, petitioner alleged that he is not subject to the income tax, that the Internal Revenue Service has no jurisdiction over him, that this Court is not qualified to decide this case or that it has no jurisdiction over him, that the notice of deficiency is not based on facts and is therefore invalid; and he raises numerous questions of constitutional law, all of which have been decided adversly to his contentions on numerous occasions by numerous courts. Some *84 of them will be referred to specifically in the opinion herein; others are too incomprehensible to deal with or are too specious and frivolous to justify specific attention. Petitioner also puts in issue his liability for the three additions to tax imposed by respondent. Petitioner was also permitted to orally amend his petition at the beginning of the trial to claim that his tax liability should be computed under the rates applicable to married taxpayers filing a joint return. FINDINGS OF FACT Dean E. Stonier, petitioner, resided in Thornton, Colo., at the time of the filing of the petition herein. Petitioner failed to file Forms 1040 or anything else purporting to be income tax returns for any of the years 1972, 1973, 1974, and 1975. Petitioner refused to provide respondent with any books and records or information pertaining to his income tax liability, at least until after this case was called for trial on May 12, 1980. Respondent determined petitioner's taxable income by the bank deposits method for each of the years involved plus a capital gain on the sale of stock in 1972, allowing petitioner the standard deduction and one exemption for each of the years involved. *85 When this case was first called for trial it was apparent to the Court that petitioner was not prepared to offer any evidence pertaining to his income, expenses, deductions, exemptions, or taxable income, but would rely only on his constitutional arguments. After a conference and hearing on certain pending motions the Court advised petitioner that it would be in his best interest to present evidence pertaining to his taxable income, and reserve for briefing his constitutional arguments. The Court recessed the trial for 3 days to give the parties an opportunity to discuss petitioner's taxable income for the years involved and prepare a stipulation of facts. During the interim petitioner apparently disclosed books and records and gave counsel for respondent information pertaining to his taxable income for the years involved because when the case was next called for trial the parties stated that they had agreed on and were prepared to stipulate petitioner's taxable income for all 4 years involved, which would reduce the deficiencies in tax determined by respondent in the notice of deficiency by about 75 percent. The record was left open for 15 days to receive such a stipulation *86 and the case proceeded to trial. Petitioner offered no evidence that was material or relevant to any of the issues involved except that he testified he had "serious doubts" that he was required to file tax returns, that he had not filed returns for any of the years involved, and that he had not made any records available to the Internal Revenue Service until the preceding day. A "Stipulation For Trial" was filed by the parties within the alloted time. The stipulation contained the following, which we find as a fact: 2. Dependent upon the outcome of petitioner's Constitutional arguments, petitioner's income for the years here before the Court is as follows: 1972
1973
1974
1975
Gross Income from
Business
$ 15,038.00
$ 31,339.00
$ 21,647.00 $ 17,127.00 Less: Business Expense
2,651.00
3,997.00
5,907.00 7,507.00 Net Profit from
Business
$ 12,387.00
$ 27,342.00
$ 15,740.00 $ 9,620.00 Other Income/Losses
4,602.00
(337.00)
(1,234.00)
Adjusted Gross Income
$ 12,387.00
$ 31,944.00
$ 15,403.00 $ 8,386.00 Less: Itemized
Deductions
3,634.00
6,510.00
3,500.00 7,552.00 $ 8,753.00
$ 25,434.00
$ 11,903.00 $ 834.00 Less: Personal
Exemptions (3)
2,250.00
2,250.00
2,250.00 2,250.00 Taxable Income
$ 6,503.00
$ 23,184.00
$ 9,653.00 ($ 1,416.00)
*87 Four months after trial petitioner filed a Motion to Dismiss for Lack of Jurisdiction for the reasons that the Court and the Internal Revenue Service lack jurisdiction over petitioner, petitioner was fraudulently led to believe this Court was capable of granting relief, and that petitioner was compelled to appear. For reasons mentioned in our discussion below, this motion has no merit and is denied. Thus, the only issues for our determination are those raised in petitioner's constitutional arguments, whether petitioner is liable for the additions to tax asserted in the notice of deficiency, and whether petitioner is entitled to have his tax computed under the rates applicable to the status of "married filing joint returns." OPINION Practically all of petitioner's "legal" and constitutional arguments have been decided contrary to his position on many occasions by this and numerous other courts. See Cupp v. Commissioner, 65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977), Hatfield v. Commissioner, 68 T.C. 895 (1977), and recent Memorandum Opinions of this Court such as Payne v. Commissioner, T.C.Memo. 1981-654; *88 Boger v. Commissioner, T.C.Memo. 1981-629, and cases cited therein. The "legal" arguments in those cases are so similar to those made in this case that many of them must come from the same pen or packet. [2] They do not warrant extended discussion here. We conclude as follows with respect to petitioner's more pressing arguments. 1. The U.S. Tax Court is constitutional and has the jurisdiction and capability for deciding income tax cases and this case. Burns, Stix Friedman & Co., Inc. v. Commissioner, 57 T.C. 392 (1971); Jenneman v. Commissioner, 67 T.C. 906 (1977). *89 2. When the Commissioner of Internal Revenue issued a notice of deficiency to petitioner and petitioner filed a petition in the Tax Court, this Court acquired jurisdiction over petitioner with respect to his income tax liability for the years involved. LTV Corp. v. Commissioner, 64 T.C. 589 (1975). Petitioner was not compelled to file a petition in the Tax Court. He could have paid the deficiency and filed a suit for refund in either the Court of Claims or the U.S. District Court. Nor was petitioner compelled to offer evidence with respect to his taxable income and liability for tax; he apparently voluntarily offered it to counsel for respondent in preparation of the stipulation for trial. [3]
*90 3. Petitioner is not entitled to a jury trial in the Tax Court. This is not a denial of his rights under Article VII of the Constitution. Browne v. Commissioner, 73 T.C. 723 (1981); Cupp v. Commissioner, supra.
4. The income tax and the Internal Revenue Code are valid exercises of Congress' power to lay and collect taxes under article 1, section 8 and the Sixteenth Amendment of the Constitution. Brushaber v. Union Pacific R.R. Co., 240 U.S. 1 (1916). Wages and gain from personal services constitute taxable income, Commissioner v. Duberstein, 363 U.S. 278 (1960), and since petitioner received such income during the years involved and is a citizen and resident of the United States, he is subject to tax on such income. O'Malley v. Woodrough, 307 U.S. 277 (1939); Zarnow v. Commissioner, 48 T.C. 213 (1967). [4]
5. Petitioner argues that he is not a "voluntary" participant in or beneficiary of, any franchise, which may operate to require him to file a return or provide information; and that he has never *91 "voluntarily" submitted to nor acquiesced in the jurisdiction of the Internal Revenue Service. We do not understand this argument, unless it is an offhand attack on the validity of the Sixteenth Amendment in authorizing imposition of an income tax as opposed to an excise tax. Such argument has been settled long hence. Brushaber v. Union Pac. R.R. Co., supra.Since petitioner had taxable income in excess of the statutory amounts for each of the years involved he was required to file an income tax return for each of those years. Sec. 6012(a). 6. Petitioner's attack on the validity of the notice of deficiency is without merit. In the absence of adequate books and records that correctly reflect a taxpayer's income, the Commissioner is entitled to use any reasonable method of computing his taxable income, including reference to third-party sources. Holland v. United States, 348 U.S. 121 (1954). Here respondent computed petitioner's income by reference to taxpayer's bank deposits which he was given access to by the banks. There is nothing illegal about the use of such evidence and a determination of taxable income based on such evidence is *92 not arbitrary and capricious, absent better evidence of the correct income. Jones v. Commissioner, 29 T.C. 601 (1951); O'Dwyer v. Commissioner, 28 T.C. 698 (1957), affd. 266 F.2d 575 (4th Cir. 1959), cert. denied 361 U.S. 862 (1959). The fact that respondent's determination in the notice of deficiency was apparently excessive does not invalidate the notice because petitioner refused to give respondent access to his books and records until the case was called for trial. Turning now to the question of additions to tax, in the notice of deficiency respondent asserted the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations, under section 6651(a) for failure to file timely returns, and under section 6654 for underpayment of estimated tax. Petitioner has the burden of proving error in respondent's determination of each of these additions to tax. Rule 142, U.S. Tax Court Rules of Practice and Procedure. Petitioner presented no evidence with respect to any of these additions to tax except to testify that he did not think he was required to file returns. This is no defense. *93 By a cursory examination of the Internal Revenue Code and the regulations promulgated thereunder, by reading the instructions accompanying the income tax return forms, and by a perusal of the many court opinions recently issued with reference to circumstances similar to petitioner's, he could have been certain that he was required to file returns for each of these years and support his figures by books and records. Although he may have had books and records containing the necessary information to prepare the returns, he chose to ignore the law and the Court decisions and rely on his own ill-conceived interpretations of the Constitution and the law, or that of irresponsible advisers, and not file returns. There is no evidence that he sought the advice of competent tax advisers. This certainly reflects negligence and intentional disregard for rules and regulations. [5] There is no question that petitioner failed to file timely returns and unless petitioner could not have determined by the exercise of ordinary prudence that he was required to file returns, the respondent's determination under section 6651(a) must be sustained. See BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976). *94 As previously discussed we think the exercise of ordinary prudence on the part of petitioner would have revealed that he was required to file returns. We have no evidence that petitioner filed any estimates or paid any estimated tax. Consequently, we sustain respondenths imposition of the additions to tax under sections 6653(a) and 6651(a). The addition to tax under section 6654 is mandatory. One last issue was petitioner's belated claim that he is entitled to have his tax computed under the rates applicable to married taxpayers filing joint returns. In the first place, we do not even have evidence that petitioner was married during the years before us or that, if he was married, his wife did not file separate returns. What we do know is that petitioner did not file joint returns for those years, which is a requisite for use of the rates for taxpayers "married filing joint returns." Durovic v. Commissioner, 54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973); Dritz v. Commissioner, T.C. Memo. 1969-175, affd. 427 F.2d 1176 (5th Cir. 1970). *95 Since petitioner did not file joint returns, and it is now too late to file them, section 6013(b)(2), we must reject this claim. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years involved.↩
2. It is exasperating to the writer and this Court that we must waste so much time listening to and reading these repetive arguments from self-proclaimed constitutional lawyers who quote passages from the Constitution, the Declaration in Independence, court opinions, the Bible, etc., all out of context, that lead to nowhere in the pending case. The writer sometimes wishes that these protestors would get better lawyers or salesmen to feed them the literature upon which their pleadings and briefs are based, so that the arguments would be more comprehensible and interesting.↩
3. Petitioner is fortunate that respondent's counsel was willing to look over his records and agree on a reduced taxable income after this case was called for trial. In the normal course of these proceedings, petitioner would have been defaulted for failure to produce evidence showing error in respondent's computations and a decision for the full amount of the deficiency would have been entered against him. By cooperating with respondent, and vice versa, petitioner's tax liability has been reduced by about 75 percent. This could have been accomplished long before the trial.↩
4. Howell v. Commissioner, T.C.Memo. 1981-631↩.
5. Howell v. Commissioner, supra↩.