FRANK & ANKA BASKOVICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baskovich v. Commissioner
Docket No. 26056-89
United States Tax Court
T.C. Memo 1991-216; 1991 Tax Ct. Memo LEXIS 256; 61 T.C.M. (CCH) 2628; T.C.M. (RIA) 91216; 13 Employee Benefits Cas. (BNA) 2397; May 20, 1991, Filed *256 Decision will be entered for the respondent. In 1986, P received a cash distribution following the termination of a qualified profit-sharing plan in which P was a participant. In reporting the distribution on their Federal income tax return for the taxable year 1986, Ps computed the tax due on the distribution using the 10-year averaging method provided in I.R.C. section 402(e). Held, Ps failed to establish that the distribution in question is a "lump sum distribution" as defined in I.R.C. section 402(e)(4)(A), and therefore Ps are not entitled to use the 10-year averaging method in computing the tax due on the distribution. Frank Baskovich, pro se. William I. Miller, for the respondent. NIMS, Chief Judge. [1]
NIMS
MEMORANDUM OPINION Respondent determined a deficiency of $ 7,376.78 in petitioners' Federal income tax for the taxable year 1986. The issue for decision is whether petitioners are entitled to elect 10-year averaging pursuant to section 402(e) with respect to a cash distribution received following the termination of a qualified profit-sharing plan. (Section references *257 are to sections of the Internal Revenue Code as in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) At a hearing held on April 17, 1990, petitioner Frank Baskovich (petitioner or Frank), who was not placed under oath, explained the facts of petitioners' case to the trial judge. These facts as stated were not objected to by respondent's counsel and accordingly are deemed stipulated. Petitioner also submitted at the hearing the Erie Vehicle Company Profit Sharing Plan and Trust (the Plan) and a joint and survivor annuity notice which were also received into evidence without objection by respondent. Certain additional facts were stipulated in writing and are incorporated herein by this reference. Petitioners resided in Chicago, Illinois, at the time they filed their petition. During 1986, Frank was an employee of the Erie Vehicle Company (Erie) and a participant in the Plan. The Plan, a qualified plan within the meaning of section 401(a), was terminated by Erie in 1986. At the time the Plan was terminated, petitioners received various notices, including a "notice to terminated participant," a joint and survivor annuity notice, *258 an election to waive joint and survivor annuity and a participant release agreement. The notice to terminated participant stated that as of June 30, 1986, Frank's account balance in the Plan was $ 27,749.41. The notice further provided that because the Plan was terminated, Frank was 100 percent vested. On October 2, 1986, petitioners received a joint and survivor annuity notice. The notice advised that if the joint and survivor annuity form of payment was waived, the Plan administrator would then have the discretion to distribute Frank's benefits either as a lump sum payment, as a payment in installments or as an annuity. Petitioners executed separate elections to waive the joint and survivor annuity. On November 5, 1986, petitioners executed a participant release agreement acknowledging receipt of a check in the amount of $ 28,188.05 from the Plan trustee representing payment in full of Frank's vested benefits in the Plan. The release agreement provided in pertinent part: The Internal Revenue Code permits you to avoid current taxation on any portion of the taxable amount of an eligible distribution by rolling over that portion into another qualified employer retirement *259 plan that accepts rollover contributions or into an individual retirement arrangement (IRA). A tax-free rollover is accomplished by transferring the amount you are rolling over to the new plan or IRA not later than sixty (60) days after you receive the amount from this plan and notifying the trustee or issuer of the new plan or IRA that you are making a rollover contribution. * * * * * * If your distribution qualifies under section 402(e) of the Internal Revenue Code as a lump sum distribution, and no part of your distribution is rolled over, you may be able to elect to have the part of the distribution attributable to your participation in the plan before 1974 (if any) taxed as a long term capital gain and the remainder taxed as ordinary income or under special 10-year averaging rules that may reduce the amount of income tax you will be required to pay on account of this distribution. * * *
The release agreement also recommended that petitioners consult a tax advisor in deciding what course to follow with respect to the distribution. At the time the distribution was made, Frank was not laid off or fired from his job with Erie, nor did he quit or retire. Frank was not *260 disabled at the time he received the distribution. Frank did not roll over any part of the distribution into a new plan or an IRA, nor was he 59 1/2 at the time of the distribution. Petitioners reported the distribution on their 1986 Federal tax return by completing and attaching Form 4972 (special 10-year averaging method) to the return. Section 402(a)(1) provides the general rule that amounts actually distributed to any distributee by an employees' trust described in section 401(a), which is exempt from tax under section 501(a), shall be taxable to the employee-distributee under section 72 in the year of the distribution. Petitioners made no effort to avoid current taxation of the amount distributed from the Plan through a rollover as provided in section 402(a)(5). Accordingly, petitioners were required to report the distributed amount as income for 1986, the year of distribution. Although petitioners reported the distribution on their 1986 return, as previously noted they attempted to use the 10-year averaging method as provided in section 402(e) in computing the tax due on the distribution. As also previously noted, the general rule contained in section 402(a)(1) provides *261 that any amount distributed to an employee by a qualified plan is taxed under the provisions of section 72 (relating to the taxation of amounts received as an annuity). However, as an alternative to the method for computation provided in section 72, section 402(e) establishes a preferential 10-year averaging method for reporting the ordinary income portion of a lump sum distribution. Reinhardt v. Commissioner, 85 T.C. 511, 517 (1985). The 10-year averaging method is designed to reduce the tax impact of the receipt in one year of a distribution which is the product of several years of employer contributions and earnings thereon. See Jennemann v. Commissioner, 67 T.C. 906, 910 (1977); Edwards v. Commissioner, T.C. Memo 1989-409, affd. 906 F.2d 114 (4th Cir. 1990). The term "lump sum distribution" is defined (for present purposes) in section 402(e)(4)(A), which provides in pertinent part as follows: (A) LUMP SUM DISTRIBUTION. -- For purposes of this section and section 403, the term "lump sum distribution" means the distribution or payment within one taxable year of the recipient of the balance to the *262 credit of an employee which becomes payable to the recipient -- (i) on account of the employee's death, (ii) after the employee attains age 59 1/2, (iii) on account of the employee's separation from the service, or (iv) after the employee has become disabled (within the meaning of section 72(m)(7))
from a trust which forms a part of a plan described in section 401(a) and which is exempt from tax under section 501 * * *.
Thus, a lump sum distribution is the payment, within one taxable year, of the employee's entire account balance in a qualified plan, where the distribution is effected due to the employee's death, attainment of age 59 1/2, separation from service or disability. Petitioners have the burden of proving that they are entitled to use the 10-year averaging method. Rule 142(a). Petitioners have not provided any support for the proposition that the distribution they received was a lump sum distribution within the Internal Revenue Code provisions quoted above. In fact, petitioners have stipulated, consistent with the manner in which they completed Form 4972, that the distribution was not effected for any of the four reasons specified in section 402(e)(4)(A). *263 Petitioners' only argument seems to be that the distribution was forced upon them by virtue of Erie's decision to terminate the Plan. Unfortunately, the mere fact that the distribution was effected as a consequence of the termination of the Plan does not justify petitioners' use of the 10-year averaging method for computing the tax attributable to the distribution. As we held in Reinhardt v. Commissioner, 85 T.C. at 525, the favorable tax treatment of section 402(e)(4)(A) does not apply when a qualified plan is terminated because that could encourage abuses of early distributions unrelated to retirement purposes. Moreover, petitioners had the opportunity to avoid current taxation of the distributed amount by rolling over the amount to another qualified plan or IRA. See Edwards v. Commissioner, 906 F.2d 114 at 116-117. Without the benefit of any proof that the distribution in question was a lump sum distribution, we are required to hold that petitioners are not entitled to use the 10-year averaging method provided in section 402(e). To reflect the *264 foregoing, Decision will be entered for the respondent. Footnotes
1. By Order of the Chief Judge, this case was reassigned as indicated for disposition.↩